**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dennis M. PODELL,
Defendant–Appellant.**

**No. 87–2392.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 8, 1988.
Decided Feb. 15, 1989.

Donald V. Morano, Chicago, Ill., for defendant-appellant.

Lewis J. Conwell, Asst.U.S.Atty., James G. Richmond, U.S. Atty., South Bend, Ind., for plaintiff-appellee.

Before BAUER, Chief Judge, and CUMMINGS and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

After a jury trial in federal district court, defendant Dennis Podell was convicted of one count of conspiracy to defraud the United States (18 U.S.C. § 371), two counts of possession of stolen vehicles (18 U.S.C. § 2313), one count of making a false statement in regard to a loan (18 U.S.C. § 1014), six counts of removing and tampering with a vehicle identification number (18 U.S.C. § 511) and three counts of altering a vehicle identification number (18 U.S.C. § 511). The district judge sentenced Podell to five years imprisonment on the conspiracy count and to consecutive one year terms of imprisonment on the § 511 and § 2313 counts, a total of sixteen years in all.[1] On appeal, defendant raises two constitutional objections to his convictions and sentence. Initially, defendant argues that his convictions and sentences on all counts must be vacated under the sixth amendment because he was denied the effective assistance of counsel at a pretrial suppression hearing. Alternatively, defendant argues that this court must vacate his convictions and sentences on two of the § 511 counts under the Double Jeopardy Clause. Specifically, defendant argues that two pairs of counts alleging violations of § 511 were multiplicitous thereby exposing him to multiple punishment for the same offense. For the reasons stated below, we hold that Podell was not denied the effective assistance of counsel at the suppression hearing but find that the underlying indictment was multiplicitous.

## I.

Defendant Dennis Podell operated a construction business in South Bend, Indiana. In 1986, the Indiana state police obtained information linking Podell and two others to transactions in stolen vehicles. Acting upon this information, the police conducted a warrantless search of Podell's car hauler. At the time of the search, the car hauler

---

1. The defendant also received a suspended one-year sentence on the § 1014 count.

was in the possession of David Hoffman, one of the other suspects in the case.

The information obtained during the warrantless search led to two later searches of Podell's property both conducted pursuant to search warrants. Relying upon the evidence seized during these searches a grand jury returned a multiple-count indictment against Podell. The indictment included one count alleging conspiracy to defraud the United States (18 U.S.C. § 371), one count alleging that Podell made a false statement in connection with a loan application (18 U.S.C. § 1014), two counts alleging that Podell was in possession of stolen vehicles (18 U.S.C. § 2313), six counts alleging that Podell removed and tampered with a vehicle identification number (18 U.S.C. § 511) and three counts alleging that Podell altered a vehicle identification number (18 U.S.C. § 511). Podell did not object to the terms of this indictment either prior to or during trial.

At a pre-trial suppression hearing, Podell's attorney moved to exclude all the evidence obtained during the searches of the defendant's property. Counsel argued that the initial warrantless search of the car hauler was illegal because Hoffman had not consented to it and that the evidence obtained during the subsequent searches was the "fruit of the poisonous tree." The district judge requested briefs on the suppression issue but defendant's attorney failed to submit any. The challenged evidence was ultimately admitted at trial and defendant was convicted on all counts of the indictment.

## II.

Defendant's first argument on appeal is that his attorney's failure to submit a brief on the suppression issue constituted ineffective assistance of counsel. In order to triumph on an ineffective assistance claim, a defendant must overcome a substantial burden. First, the defendant must demonstrate that counsel's performance was defi-

cient. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Deficient performance is defined as representation that falls below an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 265. Second, the defendant must prove that counsel's performance prejudiced the defense. Prejudice is shown when there is a reasonable probability that absent counsel's errors the result of the proceeding would be different. *Id.* at 695, 104 S.Ct. at 2068. In this case, the proper inquiry is whether there was a reasonable probability that absent counsel's omission the challenged evidence would have been suppressed.

■ We do not believe that the defendant has succeeded in demonstrating ineffective assistance of counsel under the *Strickland* standard. Although we cannot condone counsel's failure to file the requested brief, we do not believe that counsel's omission prejudiced the defendant in any way. Trial counsel informed the district court of his theory of suppression and the district judge was aware of all the relevant facts. Moreover, appellate counsel does not contend that the legal analysis contained in the order denying the motion to suppress was erroneous. Given these facts, we cannot say that had counsel filed the requested brief there is a reasonable probability that the challenged evidence would have been suppressed.[2]

## III.

Defendant also argues that two pairs of counts in the indictment alleging violations of § 511 were multiplicitous. A multiplicitous indictment charges a single offense in separate counts. *United States v. Marquardt,* 786 F.2d 771, 778 (7th Cir.1986). As such, the indictment exposes a defendant to the threat of receiving multiple punishment for the same offense. *United States v. Griffin,* 765 F.2d 677 (1985).

■ Before analyzing the merits of the multiplicity issue, we note that defendant

---

**2.** Defendant also argues that counsel provided ineffective assistance at the suppression hearing by failing to argue that Hoffman conspired with the police to circumvent the fourth amend-

ment's warrant requirement. This argument is without merit. There was never any indication that Hoffman borrowed the car hauler at a police officer's direction.

failed to challenge the indictment prior to trial. In this circuit a failure to raise a multiplicity claim before trial constitutes a waiver. *United States v. Griffin,* 765 F.2d 677, 682 (7th Cir.1985); *United States v. Mosely,* 786 F.2d 1330, 1333 (7th Cir.), *cert. denied,* 476 U.S. 1184, 106 S.Ct. 2919, 91 L.Ed.2d 548 (1986). Consequently, we will evaluate defendant's multiplicity argument under the exacting standards of the plain error doctrine. *See U.S. v. Manos,* 848 F.2d 1427, 1437 (7th Cir.1988); Fed.R. Crim.P. 52(b). "A plain error is one that results in 'an actual miscarriage of justice.' " *U.S. v. Wynn,* 845 F.2d 1439, 1442 (7th Cir.1988) (quoting *United States v. Silverstein,* 732 F.2d 1338, 1349 (7th Cir. 1984), *cert. denied,* 469 U.S. 1111, 105 S.Ct. 792, 83 L.Ed.2d 785 (1985)).

18 U.S.C. 511(a) was enacted as part of the Motor Vehicle Theft Law Enforcement Act of 1984. The section provides:

> Whoever knowingly removes, obliterates, tampers with or alters an identification number for a motor vehicle, or motor vehicle part shall be fined not more than $10,000 or imprisoned not more than 5 years or both.

The challenged portion of the indictment involved two stolen automobiles, a 1986 Oldsmobile Cutlass and a 1986 Plymouth Voyager but alleged four separate violations of § 511(a). The first pair of counts, involved the Oldsmobile Cutlass and provided in pertinent part:

> 4. From on or about December 31, 1985 through in or around June, 1986 ... Dennis M. Podell, did knowingly and unlawfully *remove* and *tamper* with the vehicle identification number for a motor vehicle, said vehicle being a 1986 Oldsmobile Cutlass Ciera Brougham ...

> 5. From on or about December 31, 1985 through in around June, 1986 ... Dennis M. Podell did knowingly and unlawfully *alter* the vehicle identification number for a motor vehicle, said vehicle being a 1986 Oldsmobile Cutlass Brougham.

Counts 9 and 10 of the indictment contained parallel language but involved a 1986 Plymouth.

The evidence at trial revealed that Podell, as part of a chop shop operation, took off the vehicle identification numbers on the Oldsmobile and Plymouth and replaced them with vehicle identification numbers taken from other automobiles. The government, relying on the disjunctive in § 511(a), argues that the provision creates two distinct offenses which Congress intended to punish cumulatively. *See e.g. Burton v. United States,* 202 U.S. 344, 26 S.Ct. 688, 50 L.Ed. 1057 (1906). The government argues that the phrase "removes, obliterates, tampers" proscribes conduct that damages the original vehicle identification number on an automobile while the term "alters" proscribes affixing another vehicle identification number to the automobile. The defendant understandably argues that when a single automobile is involved only one violation of § 511(a) can occur. The proper interpretation of § 511(a) is apparently an issue of first impression in any court.

In evaluating defendant's multiplicity argument, the essential issue to be determined is the appropriate unit of prosecution under § 511(a). *Sanabria v. United States,* 437 U.S. 54, 69–70, 98 S.Ct. 2170, 2181–82, 57 L.Ed.2d 43 (1978); *United States v. Kimberlin,* 781 F.2d 1247, 1252–53 (7th Cir.1985), *cert. denied,* 479 U.S. 938, 107 S.Ct. 419, 93 L.Ed.2d 370 (1986). The first step in this process is to examine the language of the statute itself. *Albernaz v. United States,* 450 U.S. 333, 336, 101 S.Ct. 1137, 1141, 67 L.Ed.2d 275 (1981); *United States v. Kimberlin,* 781 F.2d 1247, 1253 (7th Cir.1985), *cert. denied,* 479 U.S. 938, 107 S.Ct. 419, 93 L.Ed.2d 370 (1986). If the plain language of a statute unambiguously manifests a legislative intention, our inquiry comes to an end. *Consumer Product Safety Comm'n v. GTE Sylvania Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1981). The term "alters," however, is inherently ambiguous and is not defined in the statute. Consequently, the language of § 511, does not unambiguously indicate whether Congress intended to make altering a vehicle identification number a distinct offense.

Having determined that the language of § 511(a) is ambiguous, our next step is to examine the relevant legislative history. *United States v. Kimberlin*, 781 F.2d 1247, 1253 (7th Cir.1985), *cert. denied*, 479 U.S. 938, 107 S.Ct. 419, 93 L.Ed.2d 370 (1986). Unfortunately, the sparse legislative history surrounding the enactment of § 511 provides no guidance as to the issue before us. Consequently, we must rely on other methods of statutory construction in order to divine the intent of the Congress that enacted § 511.

We conclude, based on a number of considerations, that Congress did not intend to create two distinct offenses in § 511. First, under the government's interpretation, the first three terms of § 511(a) [3] would create a single offense while the fourth term would create a separate offense.[4] While a statute of this type is within the realm of possibility, it would reflect unusual draftsmanship to say the least.

Second, we can perceive no meaningful distinction between the words tampering and altering; the terms in fact are often defined as synonymous. *See e.g.,* Black's Law Dictionary at 1305 (5th ed.1979). The indictment, however, charges tampering with a vehicle identification number and altering a vehicle identification number as separate offenses.[5] Finally, the principle of lenity counsels us to resolve all doubts against the imposition of harsher punishment. *See Bell v. United States*, 349 U.S. 81, 84, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1955).

In sum, we conclude that the appropriate unit of prosecution, under § 511(a) is the vehicle. Therefore, a series of acts directed at a single automobile may only be punished once under § 511(a).

Defendant Dennis Podell was convicted on two § 511 counts in connection with incidents involving a 1986 Oldsmobile (Counts 4 and 5) and two § 511 counts in connection with incidents involving a 1986 Plymouth (Counts 9 and 10) and received consecutive sentences on each count. We have held, however, that when a single vehicle is involved, successive acts constitute a single offense under § 511(a). Consequently, multiple convictions and sentences on these pairs of counts subjected defendant to double jeopardy. Convictions and sentences that expose a defendant to double jeopardy are illegal, *United States v. Kimberlin*, 781 F.2d 1247, 1254 (7th Cir.1985), *cert. denied*, 479 U.S. 938, 107 S.Ct. 419, 93 L.Ed.2d 370 (1986) and result in miscarriages of justice. Therefore, we hold that the district court committed plain error in allowing the defendant to be convicted on counts 5 and 10 of the indictment and by sentencing defendant to terms of imprisonment on these counts. To rectify this error, we remand the case to the district court with directions to vacate the defendant's convictions and sentences on these counts.

## IV.

We hold that the defendant was not denied the effective assistance of counsel at the suppression hearing but find that two pairs of counts in the indictment were multiplicitous. Accordingly, defendant's convictions and sentences are

---

**3.** Although the indictment did not use the term obliterate, the government does not argue, and we do not see how it could, that obliterating a vehicle identification number is a distinct offense from removing and tampering with a vehicle identification number.

**4.** Compare *Burton v. United States*, 202 U.S. 344, 26 S.Ct. 688, 50 L.Ed. 1057 (1906) (single statute containing *two* terms creates *two* distinct offenses).

**5.** In interpreting § 511(a) the government asks us to employ the *Blockburger* test-"whether each

[term] requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). The *Blockburger* test, however, is only to be employed when other methods of statutory construction have proved to be inconclusive. *United States v. Phillips*, 640 F.2d 87, 95 (7th Cir.), *cert. denied*, 451 U.S. 991, 101 S.Ct. 2331, 68 L.Ed.2d 851 (1981) (quoting *Pandelli v. United States*, 635 F.2d 533, 536 (6th Cir.1980)). In our view the factors enumerated in the text of the opinion provide conclusive evidence that Congress did not intend to create distinct offenses in § 511(a).

AFFIRMED IN PART AND RE-VERSED AND REMANDED IN PART.