**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Morton SCHERL, also known as Robert
Caldwell, Defendant–Appellant.**

**No. 90–2210.**

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 29, 1990.

Decided Jan. 15, 1991.

Barry R. Elden, Asst. U.S. Atty., Office of the United States Attorney, Chicago, Ill., for plaintiff-appellee.

John A. Meyer, Chicago, Ill., for defendant-appellant.

Before FLAUM, MANION and KANNE, Circuit Judges.

FLAUM, Circuit Judge.

Morton Scherl pleaded guilty to charges of wire fraud, mail fraud, unlawful conversion of profit sharing funds, income tax evasion, and escape and was sentenced to sixteen years' imprisonment. On appeal, appointed counsel filed a motion to withdraw, believing any appeal would be frivolous. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *United States v. Edwards,* 777 F.2d 364 (7th Cir.1985). Pursuant to Circuit Rule 51(a), we notified defendant of his counsel's motion to which defendant responded. On September 7, 1990, this court entered an order requiring defense counsel to supplement the record on appeal with a copy of the guilty plea hearing and to discuss any potential issues arising from Scherl's plea hearing, which counsel has done. Scherl has filed a "Renewed Motion for Court Appointed Counsel and Memorandum in Support." Finding no meritorious issue upon which we could base reversal, we grant counsel's motion to withdraw, dismiss Scherl's appeal as frivolous, and deny Scherl's motion for counsel as moot.

Counsel identifies several potential issues for appeal. First, in the *Anders* brief, counsel notes: "The defendant did not move to withdraw his plea of guilty in the district court and the voluntariness of the plea was never an issue." In his supplemental motion, counsel adds that the plea hearing complied with the precepts of Rule 11, Fed.R.Crim.P. Having reviewed the transcript of the plea hearing, we agree. Judge Holderman conducted a thorough and exemplary hearing.[1]

■ Scherl, however, contends that he did not "knowingly affirm" the plea agreement because counsel, who at the time of the plea hearing was Sheila Murphy,[2] did not "properly define[ ]" the agreement, thus "the comprehension of multipicious [sic] charges escaped my total understanding." The charges in the plea agreement were not multiplicitous, and the court ensured that Scherl had read the plea agreement, understood and discussed it with his attorney. We note the following exchange between counsel, Scherl, and the court:

THE COURT: Ms. Murphy, do you believe that Mr. Scherl understands each of the paragraphs of the plea agreement?

MS. MURPHY: I do, your Honor. We have gone through it painstakingly a number of times.

BY THE COURT:

---

1. While Judge Kocoras was the presiding judge, *Judge Holderman conducted the plea hearing in this case.*

2. Scherl was represented by three different attorneys. James S. Montana, Jr., represented Scherl through preliminary plea negotiations, but was granted leave to withdraw after the negotiations reached an impasse. The court then appointed *Sheila M. Murphy,* who represented Scherl through further plea negotiations and the ultimate plea hearing. Murphy was then appointed to the bench, and the court appointed John A. Meyer to represent Scherl.

Q All right, and, Mr. Scherl, do you understand each of the paragraphs of the plea agreement?

A Yes, sir.

Trans. of plea hearing at 18. For Scherl, an astute and sophisticated individual who clearly took an active interest in his own defense, to argue that he did not enter a knowing and intelligent plea is disingenuous. This challenge to the plea is frivolous.

■ Second, counsel notes the potential issue that Scherl's sentence was disparate. Scherl compares his sentence to his codefendant's and to those of others such as Michael Milken and Ivan Boesky. Counsel points out that Scherl was the key player in the scheme, had numerous previous felony convictions for bankruptcy, mail and wire fraud, as well as fraudulent use of credit cards, and was a fugitive. Scherl's codefendant was not a key player in the scheme, was an attorney with no prior criminal record, and was not a fugitive. Mere disparity of sentences for a violation of the same statute does not demonstrate an abuse of discretion where, as here, the defendants have markedly different backgrounds and culpability. *See United States v. Peters*, 791 F.2d 1270, 1304 (7th Cir.), *cert. denied*, 479 U.S. 847, 107 S.Ct. 168, 93 L.Ed.2d 106 (1986).

■ Scherl raises a number of additional issues. He argues that the indictment contained multiplicitous counts, but does not specify which of the thirty-seven counts were multiplicitous. Scherl failed to challenge the indictment before entering into the plea agreement, and this constitutes a waiver. *See United States v. Podell*, 869 F.2d 328, 330–31 (7th Cir.1989). Our review of the indictment reveals that it did not contain multiplicitous counts, and we find no plain error in the district court's allowing Scherl to be convicted and sentenced on counts 8, 16, 26, 32, and 37 of the indictment.

■ Scherl also argues that there were errors in the presentence investigation (PSI) report. At sentencing, Scherl indicated that he had an opportunity to read and discuss the PSI with counsel, John A.

Meyer. Meyer filed and argued twenty-nine objections to the PSI. The district court allowed Scherl to address the court and elaborate on a number of the objections Meyer had made. Nevertheless, Scherl claims that the "money issue" was overlooked and he was "misled simply because counsel overlooked" that issue. Although the "money issue" may not have been addressed, or addressed to Scherl's satisfaction—the amount of money involved in the scheme was discussed—this does not raise a viable issue for appeal. Scherl cannot make a nonfrivolous argument that he overlooked this issue and should now be allowed to raise it because he was relying on his attorney. Scherl is bound by the actions of counsel and is responsible for his own failure to bring the alleged error to either counsel's or the court's attention. We note that Scherl proved himself fully capable of addressing the court on the other objections to the PSI.

■ Scherl next argues that vindictive and inaccurate information was introduced at sentencing. Scherl does not explain this contention, but makes the conclusory statement that this issue is extremely meritorious. Although it is unclear, Scherl apparently is referring to the government's summation in which it used anecdotes about various individuals Scherl left in the wake of his economic carnage. Counsel objected to the government's statement in his closing, and Scherl himself had an opportunity to address the court. There is no indication that the court was influenced by this information in imposing sentence, and we discern no prejudice to Scherl.

■ Scherl finally argues that attorney Meyer provided ineffective assistance and was appointed despite his objection. Scherl feels that the case was too complex for a "sole legal practitioner of counsel Meyer's calibre." Our review of the record refutes Scherl's contention. Meyer, a former federal prosecutor and an experienced defense attorney, ably represented Scherl at the sentencing hearing, having filed and argued twenty-nine objections to the PSI.

Meyer also argued that, although Scherl's was a pre-Sentencing Guidelines case, the court should look to the guidelines in sentencing Scherl—a course which would have resulted in a more lenient sentence. Meyer was an aggressive and competent advocate. Scherl's sixteen-year sentence was well below the statutory maximum of twenty-five years. There is no evidence that Meyer's representation fell below an objective standard of reasonableness or that Scherl was in any way prejudiced. The ineffective assistance claim is frivolous.

Because there are no nonfrivolous grounds for appeal in this case, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED. In light of this dismissal, Scherl's motion for appointment of counsel is DENIED as moot.