937 F.2d 610
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellant,
v.
Raul FLORES, Defendant/Appellee.
 No. 90-3297.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 2, 1991.*
Decided July 15, 1991.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Raul Flores pleaded guilty to charges of conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Mr. Flores also pleaded guilty to the knowing use of a firearm during a felony in violation of 18 U.S.C. Secs. 2 and 924(c). The district court sentenced Mr. Flores under the Sentencing Guidelines to 40 months for the conspiracy conviction, which is in the middle of the applicable Guidelines range and a consecutive term of five years for the firearm conviction, as is mandatory under the statute. See Guidelines Sec. 2K2.4. On appeal, appointed counsel filed a motion to withdraw, believing any appeal would be frivolous. See Anders v. California, 386 U.S. 738 (1967); United States v. Scherl, 923 F.2d 64 (7th Cir.1991). Pursuant to Circuit Rule 51(a), the court notified Mr. Flores of his counsel's motion to withdraw and his right to respond. Mr. Flores did not respond.
 
 
 2
 Counsel identified three potential issues for appeal. First, counsel suggests that Mr. Flores might challenge the constitutionality of the Sentencing Guidelines as violative of the separation of powers doctrine. However, this argument was rejected by the Supreme Court in Mistretta v. United States, 488 U.S. 361, 412 (1988). Furthermore, the constitutionality of the Sentencing Guidelines have been upheld in the face of due process challenges. See, e.g., United States v. Bigelow, 914 F.2d 966, 972 (7th Cir.1990) (collecting cases).
 
 
 3
 Second, counsel observes that a review of the change of plea hearing indicates that Mr. Flores, "understood totally and completely the details on the plea bargain...." and that the district court conducted the hearing in compliance with the precepts of Rule 11, Fed.R.Crim.P. After reviewing the transcript of the plea hearing, we agree. Judge Curran conducted a careful and deliberate hearing that touched on all areas of the rights and privileges Mr. Flores relinquished as a result of his plea agreement. In fact, Judge Curran took care to ensure that Mr. Flores understood the applicability of the Sentencing Guidelines to his case and the uncertainty of any sentence at the time of the plea hearing.
 
 
 4
 Finally, Mr. Flores' counsel offers a potential issue concerning the sentence imposed. The district court refused to grant a two-point reduction for acceptance of responsibility. See Guidelines Sec. 3E1.1(a). As counsel noted, Mr. Flores sent a letter to the district court expressing remorse, accepting responsibility for his actions, and voicing a determination to reform. After a review of the transcript of the sentencing hearing, we agree that the district court thoroughly considered Mr. Flores' conduct and letter and was not clearly erroneous in concluding that Mr. Flores had not accepted responsibility so as to merit a two-point reduction for acceptance of responsibility in its sentencing calculations. See, e.g., United States v. Osborne, No. 89-1182, slip op. at 26 (7th Cir. April 22, 1991). In rejecting the reduction, the court correctly considered Mr. Flores' equivocation by noting the portions of the letter where Mr. Flores attempted to place responsibility for certain specific drug transactions on other individuals involved in the conspiracy. (Transcript of Sentencing Hearing p. 14-15). These factual finding are entitled to deference, given the district court's distinctive vantage in evaluating the defendant's behavior. Id.
 
 
 5
 Lastly, we note that while Mr. Flores' attorney objected to a two-point enhancement for his leadership role before the district court at the sentencing hearing, he did not raise this issue in the Anders brief. However, given our standard of review, the district court's finding that Mr. Flores occupied a managerial or supervisory role was not clearly erroneous. Cf. United States v. Hernandez, 931 F.2d 16, 17 (7th Cir.1991). Because there are no non-frivolous grounds for appeal in this case, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.
 
 
 
 *
 Pursuant to Circuit Rule 51(a), Defendant-Appellant's attorney filed a "Motion for Leave to Withdraw" on February 2, 1991 and a "Brief in Support of Motion" on February 12, 1991. We notified the Defendant-Appellant of his attorney's filing and informed him that he could file a response raising any grounds that showed why his conviction should be set aside. No such statement was filed; the motion is therefore taken on the brief of the attorney and the record