In the

# United States Court of Appeals
## For the Seventh Circuit

No. 06-2784

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

PERNELL C. STARKS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 05 CR 30016—**Michael J. Reagan**, *Judge.*

ARGUED NOVEMBER 30, 2006—DECIDED DECEMBER 22, 2006

Before POSNER, KANNE, and EVANS, *Circuit Judges.*

KANNE, *Circuit Judge.* Pernell Starks was found guilty of one count of obstructing a government investigation in violation of 18 U.S.C. § 1505 and was sentenced to 15 months' imprisonment. He challenges the indictment on multiplicity and duplicity grounds. We find no error and therefore affirm his conviction.

## I. HISTORY

In 2004, the Department of Justice, Office of Inspector General ("OIG") commenced an investigation into potential misconduct by Starks during his employment at the

Federal Correctional Facility in Greenville, Illinois. OIG Special Agents Kimberly A. Thomas and Pete Werderitch interviewed Starks on May 19, 2004 in the warden's conference room at Greenville. The agents were ultimately able to obtain an affidavit containing incriminating statements from Starks. Starks, however, changed his mind about providing the affidavit and received it back from the agents during the interview. He then ripped the affidavit into pieces and put the paper into his mouth. As one could imagine, Starks' efforts to destroy the affidavit created a scuffle. Agent Thomas attempted to reclaim the affidavit while Agent Werderitch and other prison officials subdued Starks.

Starks was charged in a two count indictment. Count One alleged that Starks:

> Knowingly did forcibly assault making physical contact with Kimberly A. Thomas, a Special Agent with the Office of the Inspector General, United States Department of Justice while she was engaged in her official duties, in violation of Title 18, United States Code, Section 111(a).

Count Two alleged that Starks:

> Did knowingly by force endeavor to obstruct and impede the due and proper administration of the law under which a pending investigation proceeding was being had before the United States Department of Justice, Office of the Inspector General, to wit: Defendant struck and pushed Kimberly A. Thomas, a Special Agent in the Office of Inspector General, U.S. Department of Justice, and attempted to destroy an affidavit made in furtherance of the pending investigation of the United States Department of Justice, Office of Inspector General, in violation of Title 18, United States Code, Section 1505.

The district judge instructed the jury that they could find Starks guilty of the Count Two obstruction charge by either his alleged act of: (A) striking or pushing Agent Thomas, or (B) attempting to destroy the affidavit. The jury was instructed that it had to unanimously agree as to whether Starks struck or pushed Agent Thomas, attempted to destroy the affidavit, or committed both acts in order to find him guilty on the obstruction charge. The jury was also given general verdict and special verdict forms. The jury returned a general verdict form finding Starks not guilty on the Count One assault charge, but found him guilty on the Count Two obstruction charge. As to the special verdict form for Count Two, the jury found that Starks did not strike or push Agent Thomas, but found that Starks obstructed the investigation through his efforts to destroy the affidavit.

## II. ANALYSIS

Starks brings a multiplicity challenge to the indictment arguing that Counts One and Two charge the same criminal conduct of assaulting a federal officer while she was engaged in the performance of her official duties. He also brings a duplicity challenge to Count Two arguing that the inclusion of the two separate acts of assaulting Agent Thomas and destroying the affidavit in the same count could have led the jury to return a less than unanimous verdict. Starks preserved these arguments for appeal before the district court and therefore we review his claims *de novo*. *United States v. Snyder*, 189 F.3d 640, 646 (7th Cir. 1999).

### A. *Multiplicity*

"Multiplicity is the charging of a single offense in separate counts of an indictment." *United States v.*

*Allender*, 62 F.3d 909, 912 (7th Cir. 1995) (citing *United States v. Gonzalez*, 933 F.2d 417, 424 (7th Cir. 1991)). Multiplicity in an indictment exposes a defendant to the threat of receiving multiple punishments for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment. *United States v. Conley*, 291 F.3d 464, 470 (7th Cir. 2002) (citing *Schiro v. Farley*, 510 U.S. 222, 229 (1994); *United States v. Colvin*, 276 F.3d 945, 948 (7th Cir. 2002); *United States v. Handford*, 39 F.3d 731, 735 (7th Cir. 1994)); *United States v. Briscoe*, 896 F.2d 1476, 1522 (7th Cir. 1990) (quoting *United States v. Podell*, 869 F.2d 328, 330 (7th Cir. 1989)). "The traditional test of multiplicity determines whether each count requires proof of a fact which the other does not. If one element is required to prove the offense in one count which is not required to prove the offense in the second count, there is no multiplicity." *Gonzalez*, 933 F.2d at 424 (internal citations and quotations omitted); *see, e.g.*, *United States v. Muhammad*, 120 F.3d 688, 702-03 (7th Cir. 1997) ("The . . . *Blockburger* test directs our analysis in this regard.") (citing *Albernaz v. United States*, 450 U.S. 333, 337 (1981); *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Gonzalez*, 933 F.2d at 424). "[W]e focus on the statutory elements of the charged offenses, not the overlap in the proof offered to establish them, because a single act may violate several statutes without rendering those statutes identical." *Muhammad*, 120 F.3d at 703 (citing *Albernaz*, 450 U.S. at 338; *Gore v. United States*, 357 U.S. 386, 389 (1958)).

Title 18, United States Code, § 111(a)(1) prohibits the forcible assault, resistance, opposition, impediment or interference with a federal officer, as designated by 18 U.S.C. § 1114, when the federal officer is engaged in, or on account of, the performance of official duties. 18 U.S.C. § 111(a)(1). Title 18, United States Code, § 1505 prohibits the use of corruption, threats or force to obstruct, impede

or influence the due and proper administration of the laws by a department or agency of the United States or the due and proper exercise of an inquiry or investigation by the Congress of the United States. 18 U.S.C. § 1505. The elements required for conviction under § 111(a) and § 1505 are different and therefore we must reject Starks' multiplicity argument. By way of example, a defendant could assault a federal officer while in the performance of her duties because of a personal dispute unrelated to a desire to obstruct the administration of laws thus resulting in liability under § 111 but not under § 1505. And Starks' instant case demonstrates a situation of criminal liability under § 1505 for obstructing an investigation without liability for assault under § 111.

Starks cites to the Supreme Court's decision in *Arthur Andersen, L.L.P. v. United States*, 544 U.S. 696 (2005), and our decision in *United States v. McCarter*, 406 F.3d 460 (7th Cir. 2005), in support of his multiplicity argument. In *Arthur Andersen*, a jury found Arthur Andersen guilty of corruptly persuading its employees to destroy documents in anticipation of a likely government investigation into Andersen's client Enron in violation of 18 U.S.C. § 1512(b). 544 U.S. at 699-700, 702. The Supreme Court reversed the conviction holding that the jury instructions, among other defects, failed to properly instruct the jury that it needed to find a nexus between the corrupt persuasion to destroy documents and a particular government proceeding impeded by that corrupt action. *Id.* at 703-08.

Starks latches onto *Arthur Andersen*'s requirement that there must be a nexus between the corrupt act and the obstructed government proceeding and argues that the corruption prong of § 1505 cannot be applied in this case. This leads Starks to conclude that the elimination of corruption as a means of obstructing a government investigation results in leaving only the physical obstruc-

tion of the investigation, and this is not permissible because this is the same crime as an assault against a federal officer punishable under § 111. We must reject Starks' argument because, as discussed above, Starks was convicted for obstructing the investigation by trying to destroy the affidavit on his own. There was no allegation that Starks tried to corruptly persuade a third party to destroy the affidavit and therefore *Arthur Andersen*'s nexus requirement is not relevant to this case.

We must also reject Starks' attempted application of our *McCarter* decision. In *McCarter*, the defendant was found guilty of attempted robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a), and also found guilty of attempted robbery in violation of the federal bank robbery statute, 18 U.S.C. § 2113(a). 406 F.3d at 461. We recognized that both statutes contained different elements for conviction and therefore the application of the traditional *Blockburger* approach would permit the punishment of the defendant under both acts. *Id.* at 463. Yet, we rejected the application of the *Blockburger* test in *McCarter* because we recognized that bank robbery is always an obstruction of commerce and therefore it was inappropriate to punish the defendant under both the Hobbs Act and the bank robbery statute. *Id.*

However, Starks' case involves two statutes, § 111 and § 1505, that do not overlap in the same manner as the Hobbs Act and the bank robbery statute. The purpose of § 111 is to protect federal officers from assault while § 1505 protects the operations of the United States government. Often times, one factual event will implicate both § 111 and § 1505 as the operations of the United States government are implemented by federal officers and therefore an attack on the government will likely also be aimed at federal officers. But, unlike the situation of the Hobbs Act and the bank robbery statute in which every

bank robbery is also a disruption of commerce, not all obstructions of government operations result in assaults on federal officers and conversely not all assaults on federal officers result in obstructing government operations. As we recognized in *McCarter*, "[t]he same physical act can have multiple consequences addressed by different statutes, . . . [for example] the defendant [who is] punished separately both for selling drugs and, by that sale, aiding and abetting his buyer to resell the drugs." 406 F.3d at 463 (citing *United States v. Hachette*, 245 F.3d 625, 630-42 (7th Cir. 2001)). Consequently, we reject Starks' multiplicity challenge and turn to his duplicity argument.

## B. Duplicity

"Duplicity is the joining of two or more offenses in a single count." *United States v. Hughes*, 310 F.3d 557, 560 (7th Cir. 2002) (quoting *United States v. Marshall*, 75 F.3d 1097, 1111 (7th Cir. 1996)). "The overall vice of duplicity is that the jury cannot in a general verdict render its finding on each offense, making it difficult to determine whether a conviction rests on only one of the offenses or both." *United States v. Buchmeier*, 255 F.3d 415, 425 (7th Cir. 2001) (quoting *Marshall*, 75 F.3d at 1111; *United States v. Blandford*, 33 F.3d 685, 699 n.17 (6th Cir. 1994)). "Additionally, . . . a duplicitous indictment may expose a defendant to other adverse effects including improper notice of the charges against him, prejudice in shaping of evidentiary rulings, in sentencing, in limiting review on appeal, [and] in exposure to double jeopardy." *Buchmeier*, 255 F.3d at 425 (internal quotations and citations omitted).

Any concerns about duplicity in Starks' indictment were cured by the prudent actions of the district judge. The jury instructions properly instructed the jury on the need to be in unanimous agreement as to whether Starks

obstructed the investigation by either the assault, attempting to destroy the affidavit or both. The judge wisely went further by using the special verdict form so that the record clearly reflects that the jury unanimously found Starks guilty of obstructing the government through his actions with the affidavit. *See Buchmeier*, 255 F.3d at 425 (citing *Marshall*, 75 F.3d at 1112; *United States v. Trammell*, 133 F.3d 1343, 1354-55 (10th Cir. 1998); *United States v. Nattier*, 127 F.3d 655, 657 (8th Cir. 1997); *United States v. Cherif*, 943 F.2d 692, 701 (7th Cir. 1991) (noting that the use of jury instructions informing the jury of the need for an unanimous verdict can cure an otherwise duplicitous indictment)). We also conclude that there was no prejudice to Starks in the pretrial or post-trial portion of the case as the government's theory of the case was to pursue both the alleged assault and destruction of the affidavit. The jury rejected the government's assault claim but found Starks guilty as to his actions with the affidavit. We see no reason for us to set aside the jury's decision.

## III.  CONCLUSION

The defendant's conviction is AFFIRMED.

A true Copy:

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*