**UNITED STATES of America, Appellee,**

v.

**Bassam E. MARJI, Defendant–Appellant.**

**No. 97–1259.**

United States Court of Appeals, Second Circuit.

Argued Aug. 10, 1998.

Decided Aug. 25, 1998.

Bruce R. Bryan, Syracuse, NY, for Defendant–Appellant.

Andrew T. Baxter, Assistant United States Attorney, on behalf of Thomas J. Maroney, United States Attorney for the Northern District of New York, for Appellee.

Before: CALABRESI, CABRANES, and STRAUB, Circuit Judges.

PER CURIAM.

Bassam E. Marji appeals from a judgment of conviction entered on April 17, 1997, in the United States District Court for the Northern District of New York (Scullin, *J.*) following a jury trial. The district court sentenced the defendant to 51 months' imprisonment on various charges, including: attempting to destroy a building by arson, in violation of 18 U.S.C. § 844(i); committing insurance fraud through the use of the mails, in violation of 18 U.S.C. § 1341; conspiring to commit mail fraud, in violation of 18 U.S.C. § 371; and using fire to commit mail fraud, in violation of 18 U.S.C. § 844(h). The defendant's offense level for these crimes was calculated under § 2K1.4(a)(1) of the Sentencing Guidelines because the district court determined that he had knowingly created a serious risk of bodily injury or death to others and because the arson involved the destruction of a dwelling. The district court then sentenced the defendant to an additional 60 months' imprisonment under 18 U.S.C. § 844(h) (to run consecutively to the 51 months) for the commission of a felony through the use of fire. The defendant was also ordered to pay $21,182.26 in restitution.

Defendant's conviction arose out of the events leading up to and following his decision to set fire to a flower shop in Canastota, New York on October 2, 1993, so that he and his co-owner could collect insurance proceeds for the resulting damages.

On appeal, the defendant attacks his conviction and sentence on a number of grounds. First, he claims that the district court erroneously allowed a juror to serve despite the fact that the juror was a volunteer fireman in the county in which the fire took place. Second, he argues that the admission of expert testimony regarding the alerting by an accelerant-sniffing canine to traces of accelerant was error. Third, he claims that the district judge impermissibly interfered with his attorney's cross-examination of a key government witness and with the direct examination of the defense's expert witness. Fourth, he claims that there was insufficient evidence to convict him. Finally, he challenges the length of his sentence.

I.

The first four of the defendant's arguments can be dealt with summarily.

A.

The decision of the district judge not to dismiss for cause the juror at issue lay well within the court's discretion. It is well settled that a juror not shown to have actual bias is not excludable merely because he or she is a member of a particular occupation or even of law enforcement. *See United States v. Wood,* 299 U.S. 123, 134, 141, 57 S.Ct. 177, 81 L.Ed. 78 (1936); *Mikus v. United States,* 433 F.2d 719, 724 (2d Cir.1970). The district judge questioned the juror, a volunteer fireman from the other side of the county, at length and received repeated assurances from the juror that he could serve in an impartial manner. The district judge's decision to permit the juror to serve was not error.

B.

Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), it is the district court that is charged with determining that expert testimony "both rests on a reliable foundation and is relevant to the task at hand." *Id.* at 597, 113 S.Ct. 2786. As a result, we will not overturn the district judge's decision to admit expert testimony

unless it was manifestly erroneous. *See General Elec. Co. v. Joiner,* — U.S. —, —, 118 S.Ct. 512, 517, 139 L.Ed.2d 508 (1997). Although the defendant cites some studies and a proposed amendment to the National Fire Protection Association's *Guide for Fire and Explosion Investigations* to the effect that dog-sniff evidence is not always reliable, all that these sources suggest is that special weight should not be assigned to dog-sniff evidence in the absence of any corroborating evidence.

We conclude that the trial judge did not abuse his broad discretion under *Daubert* in admitting the testimony. We note further that, even if we were to assume *arguendo* that the district judge's decision to allow this expert testimony was erroneous, there was substantial additional evidence offered at trial demonstrating that an accelerant was used by the defendant to start the fire. Thus, any error in admitting the dog-sniff testimony would have been manifestly harmless.

### C.

In general, the extent of cross examination to be permitted lies within the discretion of the district judge. *See* Fed. R.Evid. 611(a) (granting trial judge broad discretion to control witness examination). In the case before us, there is no evidence of any bias on the part of the judge or that the defendant was denied a fair trial. We conclude that the judge's actions in limiting defense counsel's attempt to impeach a key government witness by introducing wholly unrelated events did not in any way constitute an abuse of discretion. *See United States v. Tocco,* 135 F.3d 116, 129 (2d Cir. 1998), *cert. denied,* — U.S. —, 118 S.Ct. 1581, 140 L.Ed.2d 795 (1998); *United States v. Rosa,* 11 F.3d 315, 335 (2d Cir.1993). We also find no error in the district judge's decision, in order to preclude confusion on the part of the jurors, to allow the government to admit certain portions of the same witness's prior grand jury testimony to be read in conjunction with other parts introduced by the defendant. This was clearly within the power of the district judge. *See* Fed.R.Evid. 106.

Similarly, we find no merit in the defendant's claim that the trial judge improvidently interfered with the defense's direct examination of its expert witness. The judge was well within his powers in keeping the witness from testifying with respect to highly questionable facts as to which the witness had no direct knowledge. *See United States v. Locascio,* 6 F.3d 924, 938–39 (2d Cir.1993).

### D.

A convicted defendant bears a "very heavy burden" in challenging the sufficiency of the evidence. *United States v. Gonzalez,* 110 F.3d 936, 940 (2d Cir.1997) (quoting *United States v. Soto,* 47 F.3d 546, 549 (2d Cir.1995)). We view the evidence in the light most favorable to the government. *See Gonzalez,* 110 F.3d at 940. And only when we determine that no rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt will we reverse a conviction. *See Tocco,* 135 F.3d at 123. The evidence below—both direct and circumstantial—is plentiful and readily points to the defendant's guilt. Defendant's challenge to the sufficiency of the evidence is therefore without merit.

### II.

The questions raised by the defendant with respect to his sentence are not more complicated than those with which we have just dealt. He does, however, raise two issues that have not been previously addressed by this Court.

### A.

First, the defendant argues that the district court improperly compiled his base offense level for sentencing, under § 2K1.4(a)(1) of the Sentencing Guidelines, when it determined that the defendant had knowingly created a substantial risk of death or serious bodily harm to others and that the fire involved the destruction of a dwelling. *See* U.S. Sentencing Guidelines Manual § 2K1.4(a)(1) (1996).[1] The district court ex-

---

1. Section 2K1.4(a)(1) provides that the base of-

fense level for sentencing should be 24 "if the

pressly found that the defendant was aware that there were occupied apartments above the flower shop—indeed, the court noted that he had previously rented one of these apartments. The trial court's findings of fact are not to be disturbed unless they are clearly erroneous. And we cannot say that the district judge's determination was error, let alone clear error. · *See United States v. Molina,* 106 F.3d 1118, 1121 (2d Cir.1997), *cert. denied,* —— U.S. ——, 117 S.Ct. 1859, 137 L.Ed.2d 1060 (1997). We note, moreover, that this finding, by itself, was sufficient to trigger the application of § 2K1.4(a)(1), since it meant that the fire "involved the destruction or attempted destruction of a dwelling."

The district court also determined that the defendant (a) used an accelerant to start the fire, (b) set the fire in a building that he knew included occupied apartment dwellings, and (c) set the fire at 7:00 p.m. on a Saturday evening, a time when the neighboring pizza parlor was very likely to be filled with customers. Given this host of factors, it is difficult to imagine how the defendant could *not* have known that his actions would put many people at grave risk of serious injury or, possibly, death. Under the circumstances, we conclude that the district court's determination that the defendant "knowingly" created a serious risk of bodily injury or death was not erroneous.

### B.

▮ The defendant also challenges the district court's imposition of a 60–month sentence to run consecutively to the longest underlying sentence that defendant received as a result of the arson that he committed. Under 18 U.S.C. § 844(h), a person who uses fire or explosives to commit a felony (such as mail fraud) is subject to an additional mandatory, and consecutive, sentence of five to fifteen years. The defendant argues that this term runs only from the end of the sentence assessed for the underlying predicate felony that triggered the application of

§ 844(h)—and not from the end of the longest sentence imposed for any of the felonies that arose out of the same conviction and stemmed from the same series of events.

18 U.S.C. § 844(h) reads, in pertinent part:

Whoever—

(1) uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States, or

(2) carries an explosive during the commission of any felony which may be prosecuted in a court of the United States,

including a felony which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device shall, in addition to the punishment provided for such felony, be sentenced to imprisonment for 5 years but not more than 15 years.... Notwithstanding any other provision of law ... the term of imprisonment imposed under this subsection [shall not] run concurrently with any other term of imprisonment including that imposed for the felony in which the explosive was used or carried.

18 U.S.C. § 844(h) (1996).[2]

The defendant argues that the language barring the concurrent running of the additional sentence with "any other term of imprisonment *including that imposed for the felony in which the explosive was used or carried,*" (emphasis added), limits the application of the section to § 844(h)(2) crimes, and does not bar concurrent sentences as to crimes, such as some of the defendant's, that are covered by § 844(h)(1).

We conclude, however, that the most reasonable construction of the statute is that which was adopted by the district court and also by those of our sister circuits that have addressed the question. *See United States v. Riggio,* 70 F.3d 336, 339 (5th Cir.1995), *cert. denied,* 517 U.S. 1126, 116 S.Ct. 1366, 134 L.Ed.2d 531 (1996); *United States v. Ramey,* 24 F.3d 602, 610 (4th Cir.1994) ("Certainly

offense (A) created a substantial risk of death or serious bodily injury to any person other than a participant in the offense, and that risk was created knowingly; or (B) involved the destruction or attempted destruction of a dwelling." *Id.*

**2.** This section was amended in 1996, when Congress increased the punishments available under the statute. *See* 18 U.S.C. § 844(h) (West Supp. 1998).

[the statute's] language of inclusion cannot be tortured into an *exclusion* of sentences for underlying fire-related felonies."); *see also United States v. Fiore,* 821 F.2d 127, 132 (2d Cir.1987) (noting that Congress intended fire and explosives to be treated similarly under § 844(h)). Thus, we hold that the district judge's determination, that the mandatory 60 month sentence under § 844(h)(1) must run consecutively to the defendant's longest term of imprisonment that arose out of the underlying conviction, was not error.

\*  \*  \*  \*  \*  \*

We have considered all of Marji's arguments and found them to be without merit. Accordingly, we affirm the judgment of the district court.