Vincent SICURELLA, Petitioner–
Appellee,

v.

UNITED STATES of America,
Respondent–Appellant.

Docket No. 98–2445.

United States Court of Appeals,
Second Circuit.

Argued Sept. 28, 1998.

Decided Oct. 9, 1998.

Thomas J. Eoannou, Buffalo, NY, for Petitioner–Appellee.

Anthony M. Bruce, Assistant United States Attorney, for Denise E. O'Donnell, United States Attorney for the Western District of New York, Buffalo, NY, for Respondent–Appellant.

Before: CALABRESI and STRAUB, Circuit Judges, and TSOUCALAS, Judge.*

---

* The Honorable Nicholas Tsoucalas, Senior Judge of the United States Court of International Trade, sitting by designation.

PER CURIAM:

The United States appeals the granting of Vincent Sicurella's 28 U.S.C. § 2255 habeas petition by the United States District Court for the Western District of New York (John T. Curtin, *Judge*). For the reasons stated herein, we agree with the government that the judgment of the district court must be reversed in light of this Court's recent decision in *United States v. Marji*, No. 97–1259, 158 F.3d 60, 1998 WL 637527 (2d Cir. Aug. 25, 1998) (per curiam).

*FACTS AND PROCEDURAL HISTORY*

On June 29, 1993, Sicurella was convicted by a federal jury of five counts, including conspiracy in violation of 18 U.S.C. § 371, mail fraud in violation of 18 U.S.C. § 1341, using fire to commit a federal felony in violation of 18 U.S.C. § 844(h), willful destruction of government property in violation of 18 U.S.C. § 1361, and using fire to commit a federal felony, again in violation of 18 U.S.C. § 844(h). The latter § 844(h) count related to the destruction of government property charge, while the former § 844(h) count related to the mail fraud charge. Prior to sentencing, the district court dismissed the second § 844(h) count.

Sicurella's conviction arose out a series of events in which he and his co-defendant at trial, Michael LaPorta, set fire to two automobiles and then attempted to collect insurance proceeds on the destroyed property. Sicurella and LaPorta first burned a car that belonged to Sicurella and subsequently burned a car that, unbeknownst to them, belonged to the federal government.[1]

Sicurella was sentenced by the district court on November 18, 1993 to a total of eighty-one months' imprisonment. Judge Curtin first sentenced Sicurella to six months' imprisonment for each of the § 371, § 1341, and § 1361 charges, and he ordered the three terms to run concurrently. Previ-

ously, on June 11, 1993, Sicurella had been sentenced by Senior District Judge John T. Elfvin to twenty-one months in jail for an unrelated perjury conviction. Judge Curtin directed that the perjury sentence run concurrently with the six month sentences that he was imposing on Sicurella for the § 371, § 1341, and § 1361 convictions. Sicurella was then sentenced to an additional five-year term of imprisonment for the § 844(h) conviction. These sixty months were themselves to be served consecutively to the twenty-one months, thus making Sicurella's total sentence eighty-one months.

Sicurella filed a § 2255 motion on March 14, 1997. In this motion, he alleged that, based on a misinterpretation of § 844(h), he had been improperly sentenced. Sicurella argued below—and contends on appeal to this Court—that the language of § 844(h), requiring that the additional five-year penalty imposed for violations of § 844(h) run consecutively to "any other term of imprisonment" does not apply to fire-related felonies but only to those felonies that involve the use of explosives.

The district court agreed with Sicurella and reduced his overall sentence to sixty months. This resulted in Sicurella's immediate release from prison. Deeming Sicurella's sentence of eighty-one months to be a "miscarriage of justice," the court addressed Sicurella's claim despite the fact that he had failed to raise it in his direct appeal.[2] We reject Sicurella's interpretation of § 844(h) and reverse the district court.

*DISCUSSION*

This Court recently had the opportunity to discuss the scope of § 844(h) in *United States v. Marji*, No. 97–1259, 158 F.3d 60, 1998 WL 637527 (2d Cir. Aug. 25, 1998) (per curiam). In *Marji*, we held that § 844(h)'s requirement of consecutive sentencing does apply to fire-related felonies and mandates that the additional five-year term of impris-

---

1. Having been tipped off to the defendants activities, the Federal Bureau of Investigation set up a "sting" operation that led to the destruction of the second car and the defendants' subsequent arrest. The defendants had been told that the second car was owned by the informant's daughter.

2. The government failed to raise the issue of procedural default to the district court. The district court raised and discussed the issue on its own.

onment imposed by the statute run consecutively to "any other term of imprisonment." 18 U.S.C. § 844(h).[3]

The only possible distinction between the instant case and *Marji* is the fact that, unlike *Marji*, the longest underlying sentence at issue here—which arose out of Sicurella's perjury conviction—was not part of the same overall criminal scheme. The statute is, however, clear and unambiguous on its face and precludes the minimum five-year sentence required by § 844(h) from running concurrently to "*any* other term of imprisonment." *Id.* (emphasis added). Thus, Sicurella's twenty-one month sentence may not be concurrent to his five-year sentence under § 844(h), and his total sentence was properly calculated by the district judge at eighty-one months. *Cf. United States v. Gonzales*, 520 U.S. 1, 117 S.Ct. 1032, 1035, 137 L.Ed.2d 132 (1997) (reading similar language prohibiting concurrent sentences in 18 U.S.C. § 924(c) to apply to state prison sentences as well as federal ones).[4]

Because we can easily dispose of this case on the merits, we do not decide whether a procedural default defense would have merit in this case or whether the government has waived such a defense by failing to raise it in the district court. We also express no opinion as to whether the district court properly exercised jurisdiction in modifying Sicurella's sentence, in light of the fact that the legal error claimed was a failure to recognize and exercise discretion in sentencing. *Cf. Werber v. United States*, 149 F.3d 172, 177 n. 4 (2d Cir.1998) (declining to decide whether collateral attack is available under § 2255 where petitioner "was sentenced within the appropriate Guidelines range and the error of law resulted only in the court forgoing the exercise of its discretion to impose a lesser sentence").

The judgment of the district court is reversed, with directions to order the defendant back into custody of the Federal Bureau of Prisons to serve the remainder of his sentence.

---

**3.** Congress amended § 844(h) in 1996 by increasing the punishments available under the provision. *See* 18 U.S.C. § 844(h) (West Supp. 1998).

**4.** The Court in *Gonzales* read the word "any" broadly, noting that because Congress had declined to include limiting language in § 924(c), "any term of imprisonment" should be understood to reference "all 'term[s] of imprisonment,' " and preclude concurrent sentencing wholesale. *Gonzales*, 520 U.S. 1, 117 S.Ct. at 1035, 137 L.Ed.2d 132 (alteration in original).