In the
United States Court of Appeals
For the Seventh Circuit

No. 98-4011

Stephen Blacharski,

Petitioner-Appellant,

v.

United States of America,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Indiana, South Bend
Division.
No. 3:98-CV-41--Robert L. Miller, Jr., Judge.

Argued April 7, 2000--Decided June 1, 2000

  Before Bauer, Easterbrook, and Rovner,
Circuit Judges.

  Bauer, Circuit Judge.  In February 1994, Stephen Blacharski and Robert Winter attached two cans of starting fluid (ether) to a pipe bomb constructed by Winter and John Day. They then threw the pipe bomb into the broken window of a car. From two blocks away they watched the bomb explode. The grand jury returned a six-count indictment.

  Pursuant to a plea agreement, Blacharski pled guilty to four of the six counts, including receiving and possessing an unregistered destructive device, in violation of 26 U.S.C. sec. 5841, unlawfully making a destructive device, in violation of 26 U.S.C. sec. 5841, destroying a vehicle by means of explosive, in violation of 18 U.S.C. sec. 844(i), and carrying an explosive used in the commission of a felony, in violation of 18 U.S.C. sec. 844(h). On August 20, 1996, Blacharski was sentenced to 24 months on counts 1, 2, and 3, the sentences to run concurrently, and to a term of 60 months for count 4, to run consecutive to the sentences on counts 1-3. The sentence for count 4 was later

reduced to 30 months as a result of his trial testimony in the trial of John O. Day. As part of the plea agreement, Blacharski waived his right to appeal or to contest his sentence or the manner in which it was determined in any post conviction proceeding, including a proceeding under 28 U.S.C. sec. 2255. Because Blacharski appeals the validity of the plea agreement, the government agrees that it may be reviewed on appeal. Blacharski appeals the district court's denial of his motion under sec. 2255 for ineffective assistance of counsel.

We review the district court's denial of relief under 28 U.S.C. sec. 2255 de novo. Paters v. United States, 159 F.3d 1043, 1045 (7th Cir. 1998).

To prove ineffective assistance under the two-prong test enunciated by the Supreme Court in Strickland v. Washington, Blacharski must first show that his counsel's performance was unreasonably deficient. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); United States v. Draves, 103 F.3d 1328, 1335 (7th Cir. 1997). We must consider whether counsel's acts or omissions fell "outside the wide range of professionally competent assistance" such that the defendant in effect received no assistance at all. Strickland, 466 U.S. at 690, 104 S.Ct. at 2066. Even if Blacharski establishes his counsel was egregiously deficient, he still must show, that but for the deficient performance, the trial would have turned out differently. Draves, 103 F.3d at 1355.

Blacharski argues that his plea of guilty was not knowing and voluntary and that he was denied effective assistance of counsel. He contends that his counsel failed to advise him of a double jeopardy defense for violations of both sec. 844(h) and the predicate offenses of violations of 18 U.S.C. sec. 844(i) and 26 U.S.C. sec. 5861.

The Supreme Court held in Missouri v. Hunter, 459 U.S. 359, 368 (1982), that where "a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the 'same' conduct under Blockburger, a court's task of statutory construction is at an end and

the prosecutor may seek, and the trial court or jury may impose, cumulative punishment under such statutes in a single trial." If Congress intended to proscribe cumulative punishments, then there is no violation of double jeopardy. Id. Because Congress' intent is clear, there is no need to use the test from Blockburger v. United States, 284 U.S. 299 (1932), which requires that one of the two statutes at issue requires proof of a fact which the other does not. The Blockburger test is used to discern legislative intent not to override it. Hunter, 459 U.S. at 368.

The Eighth Circuit in United States v. Shriver, 838 F.2d 980, 982 (8th Cir. 1988), determined that the legislative history clearly establishes Congress' intent that the crimes of using fire to commit a felony and the felony itself may be punished cumulatively. We agree.

In 1982, Congress amended the Anti-Arson Act with sec. 844(h) to proscribe the use of fire in addition to explosives. Section 844(h) provides: "[w]hoever uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States . . ., shall be subject to a sentence in addition to the sentence for the predicate offense." 18 U.S.C. sec. 844(h). In 1988, Congress changed the wording of sec. 844(h) to further make the intent clear. Section 844(h) now states "[w]hoever uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States . . ., shall, in addition to the punishment provided for such felony, be sentenced to imprisonment for 10 years." Id. Congress also added that the term of imprisonment imposed under sec. 844(h) "shall not run concurrently with any other term of imprisonment including that imposed for the felony in which the explosive was used or carried."

Blacharski argues that sec. 844(h) is a greater included offense of sec. 844(i) and the Title 26 charges. These arguments fail. Section 844(h) was intended to be used in addition to the predicate offense not instead of it. Accordingly, Blacharski's attorney was not deficient in failing to raise a double jeopardy defense. This case fails to meet the first prong of the Strickland test. The district court correctly denied the

ineffective assistance claim.

Affirmed.