UNITED STATES of America,
Appellee,

v.

Asa ROBERTS, Defendant–Appellant.

Docket No. 01–1031.

United States Court of Appeals,
Second Circuit.

Nov. 19, 2001.

Lawrence L. Kasperek, Rochester, NY, for appellant.

Frank H. Sherman, Assistant United States Attorney for the Western District of New York; Kathleen M. Mehltretter, United States Attorney, Rochester, NY, for appellee.

Present POOLER, KATZMANN, Circuit Judges, and HURD, District Judge.*

**SUMMARY ORDER**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED.**

Defendant-appellant Asa Roberts appeals from the January 18, 2001 amended judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*) convicting him after a jury trial of one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. The jury acquitted Roberts of two substantive counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The district court sentenced Roberts to 240 months imprisonment, five years supervised release, $1,000 fine, and $100 special assessment.

A federal grand jury returned a one count indictment against Roberts on October 28, 1999 and a superseding three count indictment on March 23, 2000. A jury trial took place between May 15 and 19, 2000, and the jury returned a verdict of guilty on the conspiracy count and not guilty on the two substantive counts. The evidence at trial showed a small drug operation in which Roberts and Tracey Roach, who was separately indicted, packaged, transported, and sold crack cocaine. The government presented four witnesses, all of whom were involved in the drug operation. Important to the government's case was witness Misty Harkins, Roberts's girlfriend, who testified that she received drugs from Roberts, among others, to transport and that Roberts sold crack. After the trial, Harkins provided Roberts's attorney with an affidavit and a letter, stating that she lied about Roberts's involvement with drugs out of fear from the police. Harkins's testimony, among other issues, was the subject of an unsuccessful post-trial motion. On appeal, Roberts raises four challenges to the conviction, three of which relate to the quantity of drugs alleged and one of which concerns the post-trial statements of Harkins.

■ Roberts argues first that the superseding indictment is unconstitutional pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the jury did not make findings of fact concerning the quality or quantity of the drugs. Although the superseding indictment does specify a quantity of five grams or more, the court specifically instructed the jury, without objection from Roberts, that "the purity and actual quantity is not an element of the crime." *Apprendi* does hold that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond

---

* The Honorable David N. Hurd, United States District Court Judge for the Northern District of New York, sitting by designation.

a reasonable doubt." *Apprendi,* 530 U.S. at 490. *Apprendi* does not, however, affect sentences within the statutory maximum. *See Santana–Madera v. United States,* 260 F.3d 133, 141 (2d Cir.2001) ("This Court has held that '*Apprendi* is inapplicable to Guidelines calculations that do not result in a sentence on a single count above the statutory maximum for that count.'") (quoting *United States v. McLeod,* 251 F.3d 78, 82 (2d Cir.), *cert. denied,* —— U.S. ——, 122 S.Ct. 304, —— L.Ed.2d —— (2001), and citing *United States v. Garcia,* 240 F.3d 180, 183 (2d Cir.), *cert. denied,* —— U.S. ——, 121 S.Ct. 2615, 150 L.Ed.2d 769 (2001)). The government conceded that without a jury finding as to quantity, Roberts could not be sentenced in excess of twenty years, which is the maximum sentence authorized by the statute for controlled substance offenses with no specified quantity. *See* 21 U.S.C. § 841(b)(1)(C) ("In the case of a controlled substance in schedule I or II, . . . such person shall be sentenced to a term of imprisonment of not more than 20 years. . . ."). Accordingly, the district court sentenced Roberts to 240 months, not the 360 to 480 months that was his Guidelines calculation, and we find no error.

■ Roberts argues next that the jury instructions constructively amended the indictment because they omitted the element of weight, thus depriving Roberts of notice of the offense and the ability to prepare a defense. Because Roberts did not object to the instructions at trial, we review this claim for plain error. *See United States v. Vebeliunas,* 76 F.3d 1283, 1291 (2d Cir. 1996). The quantity of drugs, though it may dictate the penalty, does not alter the identity of the offense itself, nor does it affect "the core of criminality" such that Roberts lacked notice of the charge. *United States v. Patino,* 962 F.2d 263, 266 (2d Cir.1992) (internal quotations omitted). *Cf. United States v. Wozniak,* 126 F.3d

105, 111 (2d Cir.1997) (finding that the indictment was constructively amended when the defendant was indicted on charges involving cocaine and methamphetamine but the court charged the jury that it could find him guilty on the basis of any controlled substance). Because Roberts cannot show "a substantial likelihood" that the jury convicted him "of an offense other than the one charged by the grand jury" in the superseding indictment, we find no error. *United States v. Clemente,* 22 F.3d 477, 482 (2d Cir.1994).

■ Roberts contends third that the government presented insufficient evidence to support the guilty verdict and that the district court erred in denying his Fed.R.Crim.P. 29 motion, which he made at the close of the government's case and after the jury verdict. Roberts again prefaces this argument on the claim that the omission of the quantity element to the jury compels a finding of insufficient evidence of guilt. Appellants face "a very heavy burden in challenging the sufficiency of the evidence" and will succeed only if "no rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *United States v. Marji,* 158 F.3d 60, 63 (2d Cir.1998) (internal quotations omitted). The omission of the quantity does not negate the weight of the evidence presented against Roberts. Roberts does not point to any other lack of evidence suggesting an insufficiency, and we find none.

■ Finally, Roberts argues that the district court erred in denying him an evidentiary hearing and denying his motion for a new trial based on the post-trial statements of Misty Harkins. Roberts maintains that Harkins's affidavit and letter refute her trial testimony, prove that Harkins perjured herself, and constitute newly discovered evidence. In considering the denial of a Fed.R.Crim.P. 33 motion, we review the findings of fact for clear

48

error and the decision for abuse of discretion. *See United States v. Imran*, 964 F.2d 1313, 1318 (2d Cir.1992). In addition, we note, "Courts are particularly reluctant to grant [] motions [for a new trial] where the newly discovered evidence consists of a witness recantation as such recantations are looked upon with the utmost suspicion." *United States v. DiPaolo*, 835 F.2d 46, 49 (2d Cir.1987) (internal quotation omitted).

In analyzing a claim of newly discovered evidence based on a witness recantation, the defendant must first establish that the testimony was in fact false. *See id.* In her affidavit, Harkins states, "I lied when I testified that I was getting drugs for sale from Asa Roberts. I also lied when I testified that I was selling drugs for Asa Roberts. I lied when I testified that I was carrying drugs for Asa Roberts." Despite this affidavit, the district court found Harkins's trial testimony to be believable and credible and held that the affidavit did not establish perjury. The court based this decision on its firsthand observation of the witness at trial and on the fact that defense counsel extensively cross examined Harkins about her motives to testify against Roberts and the pressures she faced.

First, we note that the court did not err in deciding this motion without conducting an evidentiary hearing. *See id.* at 51 ("When a motion for a new trial is predicated entirely on an affidavit from a trial witness who recants her testimony, a trial judge can ordinarily deny it without a hearing."). The court came to its decision by considering Harkins's trial testimony, which it observed, and concluded that it was credible. In addition, the court found an evidentiary hearing unnecessary because it assumed that if it did hold a hearing, Harkins would testify to the statements in her affidavit. As the court noted, trial defense counsel had extensively explored the theory that Harkins had numerous reasons to implicate Roberts and, therefore, was not testifying truthfully. In fact, at times Harkins proved a reluctant witness and gave inconsistent answers. She acknowledged that she had to testify against Roberts as part of a plea agreement, that she was afraid that if she did not testify she would lose her daughter, and that the police wanted information from her about Roberts. Thus, the defense explored the issue of Harkins's credibility at trial, and the affidavit does not constitute newly discovered evidence, nor does it establish that Harkins perjured herself at trial. We find no error in the court's denial of the motion.