In the
United States Court of Appeals
For the Seventh Circuit

No. 00-3400

United States of America,

Plaintiff-Appellee,

v.

James G. Colvin,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. 99 CR 158--S. Hugh Dillin, Judge.

Argued April 12, 2001--Decided January 17, 2002


   Before Easterbrook, Ripple, and Williams,
Circuit Judges.

   Williams, Circuit Judge.   James Colvin
was convicted of three fire-related
felonies and of carrying a firearm in the
commission of a felony, all arising out
of his role in a cross-burning. Colvin
challenges his 18 U.S.C. sec. 844(h)(1)
conviction on double jeopardy grounds
but, in our view, the Double Jeopardy
Clause does not prevent the application
of sec. 844(h)(1) to fire-related
felonies because Congress clearly
intended the multiple punishment. Colvin
also asks us to vacate his 18 U.S.C. sec.
924(c) sentence for carrying a firearm in
the commission of a felony because the
district court failed to submit the
firearm type to the jury. However, he
failed to object below and cannot
withstand plain error review. Therefore,
we affirm.

I.  BACKGROUND

   Colvin and two of his acquaintances,
Travis Funke and Lee Mathis, constructed
a wooden cross in his garage. They doused
the cross with flammable liquids and
loaded it into Colvin's truck. The three
then drove to the home of Luis Ortiz and
set up the cross in his front yard.
Mathis set the cross on fire while Colvin
sat in his truck and watched. Funke,

standing near the truck, asked Colvin to hand him one of the two guns lying in the truck, in case someone came out. After some initial reluctance, Colvin handed him a gun. Fortunately, no one came out of the home and the guns were never used.

Some time later, Colvin reported to the local police that two of his guns had been stolen from his truck, one of which he claimed was an "SKS folding stock semi-automatic handgun." By the time the police responded to his report, Funke and one of his co-workers had claimed responsibility for the theft and returned the guns to Colvin. After Colvin, Funke, and Mathis were arrested for the cross-burning, the government took these guns into custody.

Funke and Mathis entered into plea agreements with the government and received reduced sentences for agreeing to testify against Colvin, who had elected to go trial. At trial, the guns confiscated from Colvin were entered into evidence. He was ultimately convicted of: (1) intimidation and interference with the exercise of housing rights on the basis of race (42 U.S.C. sec. 3631); (2) conspiracy to threaten or intimidate persons in the free exercise or enjoyment of housing rights (18 U.S.C. sec. 241); (3) use of fire in the commission of a felony (18 U.S.C. sec. 844(h)(1)); and (4) use or carrying of a firearm in the commission of a felony (18 U.S.C. sec. 924(c)). The district court sentenced him to 264 months' imprisonment, including two concurrent 24-month sentences on the sec. 3631 and sec. 241 charges and two 120-month sentences on the sec. 844(h)(1) and sec. 924(c) charges, both to run consecutive to the sec. 3631 and sec. 241 sentences. He now challenges two of the sentences imposed.

II.  ANALYSIS

Colvin first objects, on double jeopardy grounds, to the imposition of a consecutive sentence under 18 U.S.C. sec. 844(h)(1) for the use of fire in the commission of a felony (here, either substantive cross-burning under 42 U.S.C. sec. 3631 or conspiracy to interfere with housing rights under 18 U.S.C. sec. 241). Because sec. 844(h)(1) clearly expressesCongress' intent to cumulatively punish the felonious use of fire, there is no double jeopardy violation. Second,

he challenges the district court's failure to submit the firearm type to the jury. We agree that the failure to do so was error, but do not believe the error was plain error because no manifest injustice resulted.

A.  Fire-Related Felonies and 18 U.S.C. sec. 844(h)(1)

The Double Jeopardy Clause of the Fifth Amendment protects individuals from being subjected to trial and possible conviction more than once for the same offense. Missouri v. Hunter, 459 U.S. 359, 365 (1983). However, for multiple sentences imposed in a single trial, "the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Id.; see also generally United States v. Handford, 39 F.3d 731, 735 (7th Cir. 1994) (explaining why the Double Jeopardy Clause has been interpreted in this way). Our focus, therefore, is on whether Congress intended to authorize the cumulative punishment of fire-related felonies such as cross-burning under 18 U.S.C. sec. 844(h)(1). See Hunter, 459 U.S. at 366-67.

We have previously held that Congress intended for fire-related felonies to serve as predicates for application of the sec. 844(h)(1) enhancement, which provides that "whoever uses fire . . . to commit any felony . . . shall, in addition to the punishment provided for such felony, be sentenced to imprisonment for 10 years . . . [not to] run concurrently with any other term of imprisonment." See Blacharski v. United States, 215 F.3d 792 (7th Cir. 2000); United States v. Hartbarger, 148 F.3d 777 (7th Cir. 1998); United States v. Hayward, 6 F.3d 1241 (7th Cir. 1993). In Hartbarger and Hayward, we held that the "any felony" language alone expressed Congress' intent to reach fire-related felonies. See Hartbarger, 148 F.3d at 785; Hayward, 6 F.3d at 1246. Our decision in Blacharski rested on the "in addition to" and "shall not run concurrently" language./1

Colvin argues, however, that the language we relied upon in Hartbarger, Hayward, and Blacharski does not clearly express Congress' intent to authorize the

multiple punishment of fire-related felonies as required by the Supreme Court's decision in Busic v. United States, 446 U.S. 398 (1980). The Busic court, interpreting an analogous statute, held that its "any felony," "shall [be] in addition to," and "shall not run concurrently" language was insufficiently clear to override the presumption that Congress did not enact two statutes proscribing the same offense. Busic, 466 U.S. at 405 (interpreting 18 U.S.C. sec. 924(c)'s statutory enhancement for use of a firearm in the commission of a felony); see also Simpson v. United States, 435 U.S. 6, 12-13 (1978). The Court reasoned that these phrases did not make clear how Congress "intended to mesh the new enhancement scheme with analogous provisions in pre-existing statutes defining federal crimes." Busic, 466 U.S. at 405.

While Busic's holding that Congress must clearly express its intent to authorize cumulative punishment is still good law, see United States v. Gonzales, 520 U.S. 1, 10-11 (1997), the Court has apparently retreated from its restrictive interpretation of this sort of language. In Gonzales, the Supreme Court was asked whether the 18 U.S.C. sec. 924(c) phrase "any other term of imprisonment" "mean[t] what it sa[id]" and could not be limited to some subset of prison sentences. Id. at 5-6 (internal quotation marks and citation omitted). The Court held that this language clearly expressed Congress' desire to run sec. 924(c) enhancements consecutive to all prison terms, without limitation. Id. at 10. Therefore, we believe that our reliance on the breadth of the phrase "any felony" in interpreting sec. 844(h)(1) in Hartbarger and Hayward is consistent with the Supreme Court's more recent pronouncement. Accord Sicurella, 157 F.3d at 179 (citing Gonzales).

But even assuming that Hartbarger and Hayward (and Blacharski) are inconsistent with Supreme Court precedent, we believe the "deadly or dangerous weapon or device" language added by the 1988 amendment makes clear Congress' intent to authorize cumulative punishment of fire-related felonies. The 1988 amendment clarified that "any felony" "includ[es] a felony which provides for an enhanced punishment if committed by the use of a

deadly or dangerous weapon or device." As we explained in Hayward, the incidental use of fire does not fall within sec. 844(h)(1)'s ambit. See 6 F.3d at 1246. So the thief who uses a cigarette lighter to illuminate a keyhole does not use fire to commit the crime of burglary, but merely to facilitate commission. Id. By contrast, a defrauder who sets fire to his business to collect insurance proceeds uses fire to commit his crime. See United States v. Ruiz, 105 F.3d 1492, 1503-04 (1st Cir. 1997) cited with approval in United States v. Zendeli, 180 F.3d 879, 885 (7th Cir. 1999). This use of fire is inherently dangerous. See United States v. Grassie, 237 F.3d 1199, 1215 (5th Cir. 2001).

The dangerousness of fire when used to commit a felony is evidenced in part by the fact that the use of uncontained gasoline, the accelerant used by many arsonists (and probably here by Colvin, Funke, and Mathis), is subject to federal regulation to reduce the hazard to persons and property arising from its misuse. See 18 U.S.C. sec.sec. 842-43; cf. United States v. Agrillo-Ladlad, 675 F.2d 905, 909 (7th Cir. 1982) (referring to Congressional concern over the difficulty in "controlling the malicious use of . . . gasoline [and] other flammable liquids."). And cross-burnings, in particular, are dangerous. Indeed, it is their violent character that so effectively communicates their underlying racist ideology. Cross-burnings also have the serious potential to cause significant property damage, even when not so intended.

Furthermore, the circumstances surrounding the 1988 amendment support our interpretation. Congress amended sec. 924(c) after the Supreme Court's decision in Busic to ensure that sec. 924(c)'s enhancement is available even when the underlying felony already provides for enhanced punishment "if committed by the use of a 'deadly or dangerous weapon or device.'" Gonzales, 520 U.S. at 10 (citing Comprehensive Crime Control Act of 1984, P.L. 98-473, sec. 1005(a)); Handford, 39 F.3d at 734-35. The Supreme Court stated in Gonzales that this language eliminated the ambiguities it saw in the pre-amendment version of sec. 924(c). Id.

We see no reason to treat Congress'

amendment to sec. 844(h)(1) differently than the Gonzales court treated the amendment of sec. 924(c). Fire used in the commission of a felony is no less inherently deadly or dangerous than a firearm. Cf. Grassie, 237 F.3d at 1215 ("[B]y pairing fire with explosives in sec. 844(h)(1), Congress clearly placed these weapons in parity."). Actually, fire has the potential to be much more destructive and uncontrollable. A fire, for example, may destroy an entire building and those residing within it. A firearm cannot. And (although we need not resort to it because the statutory language is clear) the legislative history supports our analysis. See H.R. Rep. No. 91-1549, 91st Cong., 2d Sess. at 70, reprinted in 1970 U.S.C.C.A.N. 4007, 4046 (stating that Congress enacted sec. 844(h)(1) to "carr[y] over . . . the stringent provisions of the Gun Control Act of 1968 relating to the use of firearms and the unlawful carrying of firearms to commit . . . a federal felony").

Reading the statute in this way comports with the federal criminal sentencing scheme. Cf. Stewart, 65 F.3d at 928 n. 2 (noting that this interpretation is consistent with its resolution of the similar language of sec. 924(c)); United States v. Pospisil, 186 F.3d 1023, 1031 (8th Cir. 1999) (implicitly holding that cross-burnings are "crimes of violence," and therefore subject to enhancement under sec. 924(c)). Like sec. 924(c), sec. 844(h)(1) was designed to discourage people who choose to commit a felony with a deadly or dangerous weapon from making a certain weapon their weapon of choice. See Simpson, 435 U.S. at 911 (discussing the legislative design behind sec. 924(c)); H.R. Rep. No. 91-1549, 91st Cong., 2d Sess. at 70, reprinted in 1970 U.S.C.C.A.N. 4007, 4046 (stating that sec. 844(h)(1) was similarly designed). Under sec. 844(h)(1), that weapon is fire.

Finally, even if we believed that the statutory text was unclear, we would reach the same result applying the "same elements" rule of construction set forth in Blockburger v. United States, 284 U.S. 299, 304 (1932). Applying this rule, we conclude that Congress intended to authorize cumulative punishment if each offense contains an element the other

does not unless Congress expresses a contrary intent. Zendeli, 180 F.3d at 886; United States v. Fiore, 821 F.2d 127, 131 (2d Cir. 1987). One of the predicate offenses of which Colvin was convicted--intimidation and interference with the exercise of housing rights on the basis of race (42 U.S.C. sec. 3631)--requires proof of several elements in addition to those elements required by sec. 844(h)(1)./2 And, of course, there is no clear indication in the legislative history that Congress did not intend cumulative punishment. Fiore, 821 F.2d at 131-32, 132 n. 6 (discussing legislative history).

For these reasons, we stand by our holdings in Blacharski, Hartbarger, and Hayward that 18 U.S.C. sec. 844(h)(1) authorizes the cumulative punishment of fire-related felonies. Colvin also argues that 18 U.S.C. sec. 241 (conspiracy to violate civil rights) may not serve as a predicate felony for the application of sec. 844(h)(1) because one cannot use fire to form an agreement, relying on the Fifth Circuit's decision in United States v. Corona, 108 F.3d 565 (5th Cir. 1997). While we are inclined to agree with the Fifth Circuit's analysis, we leave resolution of that issue for another day. We rest our decision on the use of substantive cross-burning, 42 U.S.C. sec. 3631, as the predicate felony.

B.  Failure to Submit Firearm Type to Jury

The district court imposed a ten-year sentence under 18 U.S.C. sec. 924(c)(1) for Colvin's carrying of a machine gun during the commission of the cross-burning. Under the current version of sec. 924(c)(1), firearm type is a sentencing factor, which means that it need not be submitted to the jury. United States v. Sandoval, 241 F.3d 549, 551 (7th Cir. 2001)./3 Colvin, however, was convicted under an earlier version of sec. 924(c)(1) that created a separate crime for the use of a machine gun in the commission of a felony. See Castillo v. United States, 530 U.S. 120 (2000). Therefore, it was error for the district court not to submit the firearm type to the jury. But under plain error review (Colvin did not object below), Colvin must also show that no reasonable jury could have found beyond a reasonable

doubt that the firearm he used or carried was a semiautomatic assault weapon. See United States v. Olano, 507 U.S. 725, 734 (1993); United States v. Pena-Lora, 225 F.3d 17, 31 (1st Cir. 2000). Even then we will not vacate his sentence unless our refusal to do so would result in a miscarriage of justice. See Olano, 507 U.S. at 736.

With this standard in mind, we turn to the evidence adduced at trial. Mathis testified that Colvin said he had to "get his SK" as the three were preparing to leave Colvin's home on the night of the cross-burning. Based on his military experience, Mathis testified that "SK" is a shorthand reference for an SKS assault rifle, a semiautomatic assault weapon. Both Funke and Mathis testified that Colvin carried the firearm in his truck that night. Finally, in a stolen property affidavit, Colvin stated that one of his stolen guns was an SKS folding stock semiautomatic handgun. This same firearm was admitted at trial (government's exhibit 11) and identified by both Funke and Mathis as at least similar to, if not the same rifle carried in Colvin's truck.

Colvin argues that no reasonable jury could have found that the firearm was a semiautomatic rifle; at best, he argues, the evidence shows that he carried a semiautomatic handgun, and handguns are not assault weapons. Even assuming that he is correct, we affirm because Colvin's concessions make clear that no miscarriage of justice resulted. He conceded in his opening brief (p. 24) that he carried a firearm while committing the cross-burning: "the [firearm] remained in the truck, with Colvin." See United States v. Mancillas, 183 F.3d 682, 708 (7th Cir. 1999) (holding that an individual who knowingly possesses firearms in a vehicle he accompanies "carries" a firearm for sec. 924(c) purposes). And defense counsel conceded at sentencing that this firearm was a semiautomatic assault weapon. In light of these concessions, we see no reason to vacate the district court's imposition of a ten-year sentence under sec. 924(c)(1).

III.  CONCLUSION

For these reasons, we AFFIRM Colvin's sentence.

FOOTNOTES

/1 These decisions are in accord with those of other circuits. See, e.g., Sicurella v. United States, 157 F.3d 177, 179 (2d Cir. 1998) (relying on "any other term of imprisonment" language); United States v. Wildes, 120 F.3d 468, 470 (4th Cir. 1997) (relying on "any felony" language); United States v. Stewart, 65 F.3d 918, 928 (11th Cir. 1995) (relying on "in addition to" language).

/2 "Whoever, whether or not acting under color of law, by force or threat of force willfully in-jures, intimidates or interferes with, or at-tempts to injure, intimidate or interfere with . . . any person because of his race . . . because he . . . has been . . . occupying . . . any dwelling . . . shall be fined under Title 18 or imprisoned . . . not more than ten years, or both . . . ." 42 U.S.C. sec. 3631(a).

/3 As we noted in Sandoval, the rule established by Apprendi v. New Jersey, 530 U.S. 466 (2000)--that any fact, other than a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proven beyond a reasonable doubt-- does not apply to sec. 924(c)(1) convictions because they all carry a statutory maximum of life. Id.

   RIPPLE, Circuit Judge, dissenting in part.  This case presents an issue of statutory construction that this court previously had reserved explicitly in United States v. Hartbarger, 148 F.3d 777, 785 n.8 (7th Cir. 1998). In a thoughtful opinion, my colleagues take the view that a conviction for cross-burning under 42 U.S.C. sec. 3631 can serve as a predicate felony for application of 18 U.S.C. sec. 844(h)(1). Because I believe that this interpretation is contrary to the plain text of the statutory provisions, I respectfully part company from my colleagues on this issue.

   I begin with a point of agreement between my colleagues and myself. It is quite clear that Congress intended that sec. 844(h)(1) be given a broad reading. The text of the statute requires its application, and the consequent imposition of a consecutive sentence, on a person who "uses fire or an explosive

to commit any felony." 18 U.S.C. sec. 844(h)(l). To emphasize its intended scope, the text makes clear that the term "felony" includes any felony "which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device." Id. sec. 844(h).

At this point, then, we must turn to sec. 3631 and determine whether it can serve as a predicate for the operation of sec. 844(h)(l). Section 3631 proscribes a broad range of discriminatory activity and, consequently, also prescribes a variety of penalties that depend on Congress' estimation of the gravity of the particular criminal activity committed. The baseline incarceration penalty is for a term of one year. See 42 U.S.C. sec. 3631. Only if bodily injury results or if the acts include the use, attempted use or threatened use of a dangerous weapon, explosives, or fire does the permitted incarceration penalty rise above the one year limitation. See id. In short, Congress determined that the use of fire was a factor that made the perpetrator a felon and deserving of a greatly enhanced punishment.

We therefore are faced with the issue of whether Congress, in enacting sec. 844(h)(l), intended to impose a second enhancement for the same act--the use of fire. Here, the plain text of the statute supplies the answer. Congress explicitly determined that this enhancement was to be imposed on a person who used fire or an explosive to commit a felony, "including a felony which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device." 18 U.S.C. sec. 844(h). Notably, Congress did not include in this latter phrase felonies committed by the use of fire. This omission cannot be considered an oversight. Congress clearly knows how to distinguish "fire" from "dangerous weapon or device." Indeed, the very portion of sec. 3631 at issue in this case makes that distinction. The natural reading of sec. 844(h)(l) is that, although Congress wanted the enhanced penalty to apply when the felony already had been increased because it involved a deadly or dangerous weapon or device, it did not intend for this enhancement to apply when the criminal activity was caused by fire.

The language employed by Congress in the initial sentence of sec. 844(h)(l) is also important. The statutory language is aimed at a person who "uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States." 18 U.S.C. sec. 844(h)(l). This language is most naturally read as requiring the enhancement when fire is used in the commission of a crime whose felonious nature is not dependent on the use of fire. Such a reading would certainly be in keeping with Congress' manifest intent to increase the punishment when a crime is committed using a means--fire or an explosive--that increases substantially the probability of death or injury. In the case of acts in violation of sec. 3631, however, there is no pre-existing felony. Rather, it is the use of fire that causes the activity to be felonious. In short, Congress already has provided for the increased dangerousness by the imposition of theenhancement. In effect, sec. 3631 makes it a felony, punishable by a maximum sentence of ten years, to intimidate a person on the grounds set forth in the statute through the use of fire. That felony is committed only when fire is used; intimidation without the fire (or another implement named in the statute) is a misdemeanor offense.

Resort to the elements test enunciated in Blockburger v. United States, 284 U.S. 299 (1932), is inappropriate in this situation because the statutory language is clear. We must remember that, even when the elements of the offenses are different, Congress may have intended that cumulative punishments were not desirable. See Whalen v. United States, 445 U.S. 684, 693 n.7 (1980).

Reasonable people can differ in their estimation of the wisdom of Congress in setting the penalties of sec. 3631. A straightforward reading of the text of the two statutory sections requires, however, that we hold that the enhancement contained in sec. 844(h)(l) does not apply to the defendant in this case.