**UNITED STATES of America,
Appellee,**

v.

**John C. BRUNO, also known as John P. Simmons, also known as Sealed Deft. 1 and Damon C. Roberts, also known as Sealed Deft. 2 Defendants–Appellants.**

Nos. 02–1585(L), 02–1641(CON).

United States Court of Appeals,
Second Circuit.

Dec. 8, 2003.

362

---

Robert N. Isseks, Middletown, NY, for Appellant John C. Bruno.

Susan G. Kellman, Brooklyn, NY, for Appellant Damon C. Roberts.

Kevin P. Dooley, Assistant United States Attorney for the Northern District of New York (Glenn T. Suddaby, United States Attorney, and Barbara D. Cottrell, Senior Litigation Counsel), Albany, NY, for Appellee, of counsel.

* Of the United States Court of Appeals for the

Present: VAN GRAAFEILAND, SACK, and John R. GIBSON,* Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of September 30, 2002 and the judgment of October 23, 2002, be, and they hereby are, AFFIRMED.

A jury convicted defendants-appellants John Bruno and Damon Roberts in the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*) of conspiracy to interfere with commerce by threats or violence in violation of 18 U.S.C. § 1951(a), interference with commerce by threats or violence in violation of 18 U.S.C. § 1951(a), conspiracy to engage in interstate transportation of stolen property in violation of 18 U.S.C. § 371, and interstate transportation of stolen property in violation of 18 U.S.C. § 2314.

█ We reject the defendants' argument that they each deserve a judgment of acquittal under Fed.R.Crim.P. 33 or a new trial under Fed.R.Crim.P. 29(c) because a main government witness perjured himself so as to render the entire trial unfair. The district court did not clearly err in finding that this witness did not commit perjury. Each instance of this witness's allegedly perjurious testimony merely differed from either another witness's testimony, his own prior testimony, or his own prior out-of-court statements. These situations do not amount to perjury, but present a credibility question for the jury. *See United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir.1992); *United States v. Bortnovsky*, 879 F.2d 30, 33 (2d Cir.1989).

Eighth Circuit, sitting by designation.

The defendants also contend that the district court improperly admitted prior acts evidence of illegal dumping and Bruno's statements about the Colombo crime family in violation of Fed.R.Evid. 403 and 404(b). The district court did not abuse its discretion in admitting the evidence of illegal dumping because the evidence was offered to show that checks passing between the defendants was due to the charged crimes, which was highly probative of the relationship between the defendants and their connection to the charged crimes. This evidence was not unfairly prejudicial, particularly in light of the court's limiting instruction to the jury. *See United States v. Garcia*, 291 F.3d 127, 136 (2d Cir.2002). The district court also did not abuse its discretion in admitting the evidence of Bruno's statements to a government witness relating to the Colombo crime family. This evidence was offered to prove that the witness believed Bruno had the ability to participate in a truck hijacking, rather than Bruno's criminal propensity. This evidence is probative of Bruno's involvement in the charged conspiracies and is not prejudicial, especially in light of the judge's limiting instruction to the jury. *See id.*

The district court also did not err in admitting photographs of a hijacking victim and testimony by the victim's surgeon. The government had to establish violence to secure a conviction under 18 U.S.C. § 1951(a). The government's proffered evidence thus appropriately gives life to an element of the charged offenses. *See Old Chief v. United States*, 519 U.S. 172, 187–88, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997).

Finally, Bruno does not satisfy his heavy burden of proving that the evidence at trial was legally insufficient to prove his guilt beyond a reasonable doubt. *See United*

States v. Marji, 158 F.3d 60, 63 (2d Cir. 1998).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.