**UNITED STATES of America,**
**Appellee,**

v.

**Charles HILDENBRANDT,**
**Defendant–Appellant.**

No. 05–4177–cr.

United States Court of Appeals,
Second Circuit.

Dec. 1, 2006.

Brenda K. Sannes, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York; Robert A. Sharpe, Assistant United States Attorney, of counsel), Buffalo, NY, for Appellee.

Terence L. Kindlon, Kindlon and Shanks, P.C., Albany, NY, for Defendant–Appellant.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Charles Hildenbrandt was convicted after a jury trial of arson causing personal injury to a public safety officer, in violation of 18 § U.S.C. 844(i), and using a destructive device during this crime, in violation of 18 § U.S.C. 924(c)(1)(A) and (c)(1)(b)(ii). He was sentenced to a mandatory 37 years in prison. We assume the parties' familiarity with the underlying facts, procedural posture, and specification of issues on appeal.

Because Defendant failed to properly preserve at the trial level several issues he now raises, we review these claims for plain error only. *United States v. Davila*, 461 F.3d 298, 307 (2d Cir.2006). His conviction can be reversed only if there is (1) error, (2) that is plain, (3) and that affects substantial rights. *United States v. Snype*, 441 F.3d 119, 138 (2d Cir.2006). If these conditions are met, the Court "may exercise [its] discretion to notice a forfeited error, but only if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Davila*, 461 F.3d at 307 (internal quotation marks omitted).

■■■ First, we conclude the admission of the ATF bomb expert's single testimonial reference to Defendant's Molotov cocktail as a "destructive device" was not plain error. The Agent's reference to the statutory term was isolated and based on his personal knowledge of the facts. *See United States v. Duncan*, 42 F.3d 97, 102–03 (2d Cir.1994).

■■■ Additionally, we hold that, whether or not the admission of testimony by another investigating Agent with respect to an uncalled witness's out-of-court identification of Defendant violated *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the brief reference did not affect his "substantial rights" because there was overwhelming evidence against Defendant. *See United States v. Banks*, 464 F.3d 184, 190 (2d Cir.2006) ("The *Crawford* evidence, nonetheless, was cumulative and added relatively little to the powerful proper evidence of conspiracy

to murder. The receipt of this evidence did not produce a miscarriage of justice." (internal quotation marks omitted)).

■ We find no error in the admission of the testimony by the handler of the accelerant-sniffing canine regarding the dog's "finding" of accelerant at the scene. The decision on whether to admit evidence relating to an accelerant-sniffing dog is within the district court's broad discretion and may be admitted so long as it "rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The dog handler testified that he and the dog were certified after completing the requisite training course, and that the dog indicated accelerant was present, which was also substantiated by other evidence. *United States v. Marji,* 158 F.3d 60, 62–63 (2d Cir.1998) (admitting dog-sniff evidence of accelerant).

■ The district court's jury instruction defining "personal injury" under 18 § U.S.C. 844(i), was not in error. Section 844(i) of Title 18 does not define "personal injury," and the court's adoption of the definition that comports with other statutory sections in Title 18 therefor, *see* 18 U.S.C. §§ 831(f)(5), 1365(h)(4), 1515(a)(5), 1864(d)(2), was entirely reasonable. *See also,* 2 L. Sand, *et al.* Modern Federal Jury Instructions Criminal, Instruction 30–6 (2005), applicable to § 844(i) crimes involving alleged personal injury (noting in the comment section that since § 844(i) does not define "personal injury" the proposed instruction adopts the definition of "bodily injury" provided in other parts of Title 18).

■ Defendant also challenges the propriety of the 37–year sentence, particularly the mandatory 30–year sentence imposed pursuant to 18 § U.S.C. 924(c)(1)(A) and (c)(1)(B)(ii). We hold Defendant's sentence does not violate either the prohibition against cruel and unusual punishment, or the separation of powers doctrine, in the United States Constitution. "Lengthy prison sentences, even those that exceed any conceivable life expectancy of a convicted defendant, do not violate the Eighth Amendment's prohibition against cruel and unusual punishment when based on a proper application of the Sentencing Guidelines or statutorily mandated consecutive terms." *United States v. Yousef,* 327 F.3d 56, 163 (2d Cir.2003); *United States v. Huerta,* 878 F.2d 89, 94 (2d Cir.1989) ("Congress may constitutionally prescribe mandatory sentences or otherwise constrain the exercise of judicial discretion so long as such constraints have a rational basis." (citations omitted)).

For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED.**