NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 15, 2007
Decided August 16, 2007

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 07-1461

| | |
|---|---|
| SHAWN R. WASHBURN,<br>　　　*Petitioner-Appellant,*<br><br>　　　*v.*<br><br>UNITED STATES OF AMERICA,<br>　　　*Respondent-Appellee.* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division<br><br>No. 3:05-cv-774-RLM<br><br>Robert L. Miller, Jr.,<br>*Chief Judge.* |

**O R D E R**

Shawn Washburn pleaded guilty to possessing 24 pounds of methamphetamine and was sentenced to 179 months of imprisonment. *See* 21 U.S.C. § 841(a)(1). As part of his plea agreement, he waived his right to contest his sentence on direct appeal or in a collateral proceeding but preserved his right to challenge on direct appeal the denial of his motion to suppress. Washburn did appeal and we upheld the district court's ruling. *See United States v. Washburn*, 383 F.3d 638 (7th Cir. 2004). Washburn then filed a motion under 28 U.S.C. § 2255, claiming in part that his trial counsel was ineffective for failing to interview David Morgan, a purported informant, and for "failing to object to the reference of the informant's testimony or information by agents who testified at the suppression hearing where the informant was not cross-examined." The district court denied

the motion, but granted a certificate of appealability limited to the question whether trial counsel was ineffective in not calling Morgan during the suppression hearing. We affirm the denial of Washburn's § 2255 motion.

We recount the facts from our prior decision on direct appeal. *See Washburn*, 383 F.3d at 639-40. Police learned of Washburn's drug activity after arresting some of his customers. Police first arrested Jessie Tijerina for possessing a pound of methamphetamine. Tijerina, in cooperation with law enforcement, arranged to buy more drugs from his supplier, Thomas Wright. Police intercepted Wright's drug caravan en route to Tijerina, and discovered ten pounds of methamphetamine in the trunk of one of the caravan's cars in which Morgan was a passenger. Both Wright and Morgan told police they received the drugs from Washburn. Morgan added that Washburn keeps his drugs in a black duffle bag in his Chevrolet conversion van, which he described as having a wood-grain interior and graphics on the white exterior. Like Tijerina, Morgan agreed to cooperate with police and arrange a controlled buy from Washburn. In two phone calls recorded by police, Washburn told Morgan that he would drive his same white conversion van to the Weston Plaza in Elkhart, Indiana, and meet Morgan there at 7:00 p.m. with 12 pounds of methamphetamine in a black bag. At 7:00 p.m. police observed a white conversion van registered to Washburn pull into the Weston Plaza area. Police stopped Washburn and, pursuant to a search warrant, discovered more than 14 pounds of methamphetamine in a black bag inside of the van.

Washburn contends that trial counsel should have called Morgan to testify at the suppression hearing because his testimony "would have negated probable cause." To support this contention, Washburn attached to his § 2255 motion an affidavit from Morgan in which he denies describing Washburn's van or the bag in which Washburn kept his drugs.

The government responds that Washburn cannot raise this Sixth Amendment claim in collateral proceedings because he did not expressly reserve it in his plea agreement, but that contention is groundless. Washburn's conditional guilty plea controlled only the scope of his direct appeal, not any subsequent § 2255 motion. *See* Fed. R. Crim. P. 11(a)(2). And though a defendant may give up the right to pursue a collateral attack as part of a plea agreement, *see, e.g., Nunez v. United States*, No. 06-1014, slip op. at 1, 3 (7th Cir. July 31, 2007), Washburn did not do so. He did give up the right to challenge his *sentence* by way of § 2255, but that is all. *See United States v. Vega*, 241 F.3d 910, 911-12 (7th Cir. 2001)*; Bridgeman v. United States*, 229 F.3d 589, 591-92 (7th Cir. 2000); *United States v. Behrman*, 235 F.3d 1049, 1052 (7th Cir. 2000); *Blacharski v. United States*, 215 F.3d 792, 793-94 (7th Cir. 2000).

Still, Washburn's claim is patently frivolous. To establish that trial counsel

was ineffective, Washburn needed to show that his lawyer acted unreasonably in not calling Morgan and that he suffered prejudice as a result. *See Strickland v. Washington*, 466 U.S. 668 (1984)*; Barrow v. Uchtman*, 398 F.3d 597, 603-04 (7th Cir. 2005). Here, given that the government *recorded* Washburn telling Morgan that when they met he would bring 12 pounds of methamphetamine in a black bag and drive his white conversion van, it surely would have made no difference if Morgan had testified and denied describing Washburn's van or drug bag to officers. Thus, counsel's decision not to present Morgan's testimony was neither deficient nor prejudicial. *See Eckstein v. Kingston*, 460 F.3d 844, 849 (7th Cir. 2006) (holding that counsel was not ineffective for failing to impeach witness with evidence of her mental illness where recorded conversation between defendant and witness corroborated witness's testimony that defendant hired her to kill his wife).

AFFIRMED.