**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 18, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JASON McKINNEY,

      Defendant-Appellant.

No. 11-3281

(D. of Kan.)

(D.C. Nos. 2:11-CV-02062-JWL
and 2:06-CR-20078-JWL-1)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Jason McKinney, a federal prisoner proceeding pro se, appeals the district court's dismissal of his application for habeas relief under 28 U.S.C. § 2255. He also seeks leave to proceed in forma pauperis. We have jurisdiction under 28 U.S.C. § 1291, and we construe McKinney's filings liberally because he is proceeding pro se. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

We agree with the district court that McKinney was not entitled to relief under § 2255. Accordingly, we DENY his request for a certificate of appealability (COA), GRANT his application to proceed in forma pauperis, and DISMISS his appeal.

## I. Facts

McKinney pleaded guilty to one count of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(b)(1)(A)(iii) and one count of use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). He raised two points of error in his direct appeal: (1) whether the district court erred in denying his motion to suppress evidence obtained in searching a residence; and (2) whether the district court abused its discretion in denying his motion to withdraw his guilty plea. This court rejected both theories and affirmed the conviction. *See United States v. McKinney*, Nos. 08-3137 and 09-3069, 2010 WL 358129, at *1 (10th Cir. Feb. 2, 2010).

McKinney then sought § 2255 relief, asserting various claims of prosecutorial misconduct and ineffective assistance of counsel. The district court denied the motion with respect to McKinney's claims of ineffective assistance of counsel regarding his guilty plea and the negotiation of the plea agreement, and dismissed the motion as to all other claims. The district court denied a COA.

McKinney appeals, raising three arguments: whether (1) the district court should have held a hearing on his ineffective assistance of counsel claim; (2) the plain language of the plea agreement allows a challenge to the convictions and sentences imposed; and (3) the Supreme Court's decisions in *Missouri v. Frye* and *Lafler v. Cooper* should be applied to this appeal.

## II. Discussion

"The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of an issue raised in a § 2255 motion." *United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010). For McKinney to be granted a COA, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### A. Evidentiary Hearing

McKinney first argues the district court erred by failing to hold a hearing on his claim that his guilty plea was "unknowing and involuntary due to counsel's repeated threats, promises, and coercion, along with the threats and misconduct of the AUSA in this case." Aplt. Br. at 18. Specifically, McKinney asserts that once he had advised the court of his desire to proceed to trial, he was placed into segregation in the county jail at the direction of the AUSA, all of his legal and court documents were confiscated and destroyed, and his counsel advised him that the prosecutor would be seeking a life sentence if a plea was not forthcoming. *Id.*

Additionally, McKinney argues that the government promised a sentence reduction in order to induce his plea, knowing that such a reduction would not be recommended because McKinney had threatened the prosecutor. *Id.* at 19.

The district court dismissed the claim and concluded that "the record reflects that Mr. McKinney's waiver was knowing and voluntary." R., Vol. I at 134. In assessing the voluntariness of a defendant's waiver, the court looks primarily to two factors—whether the language of the plea agreement states that the plea was entered knowingly and voluntarily, and whether there was an adequate Rule 11 colloquy. *See United States v. Smith*, 500 F.3d 1206, 1210–11 (10th Cir. 2007). Paragraph 11 of McKinney's plea specifically states that he waives the right to appeal or collaterally attack any issues not raised in his pretrial motion, while "preserving any future issues that might arise under legislative or case law changes regarding differences between powder cocaine and crack cocaine." R., Vol. I at 43. Additionally, during the Rule 11 colloquy, the court specifically asked McKinney whether he felt "pressured by being in segregation" to the point of "giv[ing] up the fight . . . and plead[ing] guilty." R., Vol. II at 150. McKinney responded that he did not. *Id.* The court then inquired of McKinney's attorney, who stated that "the decision to enter the plea was Mr. McKinney's . . . [because] this was obviously in his best interests." *Id.* at 151. The court then reconfirmed that "regardless of" the strength of counsel's advice,

"in the end" McKinney was the "one who made the decision" to plead guilty. *Id.* at 152.

"Solemn declarations in open court [affirming a plea agreement] carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). But, as we have recognized, "such statements do not stand as an absolute bar to post-conviction relief. . . . [because a defendant] may still claim that his representations at the time . . . were so much the product of . . . misunderstanding, duress, or misrepresentation that they rendered his guilty plea a constitutionally inadequate basis for imprisonment." *United States v. Wright*, 43 F.3d 491, 497 (10th Cir. 1994) (internal citation and quotation marks omitted). Nonetheless, McKinney has failed to present anything other than conclusory statements to support his argument that his guilty plea was not entered knowingly and voluntarily. Additionally, our own search of the record fails to corroborate any of his theories.

Despite McKinney's argument that an evidentiary hearing is required, such a step is unnecessary in this case. While McKinney is correct that the district court "must hold an evidentiary hearing on the prisoner's claims unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief," *United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996)

(internal quotation omitted), this is exactly the type of case where no hearing is required. McKinney was represented by able counsel at the plea hearing and was queried by the district court on several occasions as to whether he had been coerced into pleading guilty. For McKinney to prevail in his claim that "but for the prosecutorial misconduct and ineffective assistance . . . he would never had pled guilty," Aplt. Br. at 21, he needs to provide something more than conclusory statements and assertions unsupported by the record.

The district court properly declined to hold an evidentiary hearing in this case.

### B. Language of Plea Agreement

McKinney next asserts that the plain language of the plea agreement allows him to raise a number of appellate claims, in spite of the explicit waivers in the document. In addition to the ineffective assistance of counsel and prosecutorial misconduct claims discussed above, McKinney claims that, while a challenge to his *sentence* is foreclosed by the plea, a challenge to his *conviction* is not. The plain text of the plea agreement, however, forecloses this possibility.

McKinney argues that the language of the plea agreement does not "preclude or bar a collateral challenge to his conviction pursuant to 28 U.S.C. § 2255." Aplt. Br. at 24. While he is correct that the interpretation of a plea agreement is governed by contract principles, *United States v. Rockwell Int'l Corp.*, 124 F.3d 1194, 1199 (10th Cir. 1997), the text of the plea agreement

contradicts McKinney's claims. By agreeing to plead guilty, McKinney "knowingly and voluntarily waive[d] any right to appeal or collaterally attack any matter in connection with th[e] prosecution, conviction and sentence," except as to the issues specifically delineated in the plea. R., Vol. I at 43. While McKinney is correct that much of the plea document deals with foreclosing appeals as to his sentence, the above quoted statement bars any attack, direct or collateral, on the underlying conviction. *Id.* at 43–44. McKinney's plea specifically states: "By entering into this plea agreement, the defendant admits to knowingly committing these offenses, and to being guilty of these offenses." *Id.* at 38. Once accepted, "the defendant will not be permitted to withdraw this plea of guilty." *Id.* at 43.

We previously dealt with the exact same plea language in *United States v. Leon*, 476 F.3d 829, 834 (10th Cir. 2007), and concluded that such a waiver was appropriate. Nothing presented here dictates a different outcome. But McKinney points to *Blacharski v. United States*, 215 F.3d 792, 793–94 (7th Cir. 2000), and *United States v. Anglin*, 215 F.3d 1064, 1067 (9th Cir. 2000), for the proposition that the scope of a plea agreement's waiver is limited to its express terms. Both of these cases, however, held that the challenged plea agreements were valid. There is nothing contradictory or ambiguous about the plea that McKinney entered into, and he is unable to challenge his underlying conviction at this time.

*C.* **Missouri v. Frye** *and* **Lafler v. Cooper**

McKinney originally requested that his appeal be abated pending the outcome of these two cases. But since this case was filed, the Supreme Court has issued opinions in both cases, mooting the abatement question. *See Missouri v. Frye*, No. 10-444, --- S. Ct. ---, 2012 WL 932020 (Mar. 21, 2012); *Lafler v. Cooper*, No. 10-209, --- S. Ct. ---, 2012 WL 932019 (Mar. 21, 2012).

In any event, the outcome of neither case matters here. In *Frye* and *Lafler*, the Supreme Court held that the right to effective assistance of counsel includes the time during plea bargaining; specifically when criminal defendants miss out on or reject plea offers because of bad legal advice. *Frye*, 2012 WL 932019, at *8. But McKinney accepted the plea that was offered and does not contend he otherwise missed out on a more advantageous plea as a result of counsel's ineffectiveness. While McKinney has alleged other errors related to his counsel's assistance during this time, discussed above, existing appellate procedures properly deal with these claims.

# III. Conclusion

For the foregoing reasons, we DENY McKinney's request for a COA, GRANT his application to proceed in forma pauperis, and DISMISS his appeal.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge