**UNITED STATES of America,
Appellee,**

v.

**Kurt KAVOUKIAN, Defendant–
Appellant.**

**Docket No. 03–1149.**

United States Court of Appeals,
Second Circuit.

Argued: Nov. 3, 2003.

Decided: Dec. 3, 2003.

Barbara D. Cottrell, Asst. Litigation Counsel, for Glenn T. Suddaby, U.S. Attorney for the Northern District of New York (Paul D. Silver, of counsel), for Appellee.

Paul Evangelista, Assistant Federal Public Defender (Molly Corbett, of counsel), for Defendant–Appellant.

Before: McLAUGHLIN, KATZMANN, Circuit Judges, and SCHEINDLIN,* District Judge.

PER CURIAM:

We must decide whether the defendant can be convicted of possessing or making a firearm silencer where there is no evidence that he knew from experience that the device actually functions. We hold that he can, and we affirm the judgment of the District Court.

Defendant–Appellant Kurt Kavoukian appeals the judgment of conviction entered on March 7, 2003, by the United States District Court for the Northern District of New York (Kahn, *J.*) after a jury found him guilty of making a firearm silencer in violation of 26 U.S.C. §§ 5822, 5861(f), and 5871, and of possessing a silencer in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. The conviction was premised upon a homemade device recovered from Kavoukian's possession that, once tested by agents from the Bureau of Alcohol Tobacco and Firearms, proved able to muffle the sound of the report from a firearm.

The evidence at trial showed that Kavoukian made the device from materials he purchased at Home Depot, that he frequently spoke to his friends of his intent to make a silencer, and that the device was capable of reducing the volume of a shot fired from a 22–caliber firearm by about 3.2 decibels. Testimony further showed that the silencer did not fit onto any of the firearms Kavoukian possessed, and that it had not been used before ATF tested it.

Kavoukian argues first that the District Court's instructions to the jury were erroneous. Citing *Staples v. United States,* 511 U.S. 600, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994), he argues that the District Court failed to adequately instruct the jury that the government must prove beyond a reasonable doubt that Kavoukian "knew of the features ... that brought [the silencer] within the scope of the Act." *Id.* at 619. In *Staples,* the Supreme Court reversed a conviction for illegal possession of a machine gun where the firearm in question was a legal semi-automatic weapon that had been converted into an illegal fully-automatic weapon by mechanical modifications. The trial court instructed the jury that the government must prove that the defendant knowingly possessed the gun, and that the gun had been modified so that it fell within the ambit of the Act. The court did not instruct the jury that the government must prove that the defendant knew that the gun had been modified such that it was fully-automatic. The Supreme Court reversed, expressing the concern that a defendant might innocently possess what he believed to be a legal, unmodified firearm without realizing that it had been illegally altered. *Id.* at 612, 114 S.Ct. 1793.

■ In the instant case, the District Court instructed the jury that the government had to prove beyond a reasonable doubt that Kavoukian knew that the device "had the characteristics which make it subject to regulation as a firearm silencer," Jury Charge Tr. at 20 (July 12, 2002), and instructed the jury on the statutory definition of "silencer," *id.* at 18. Kavoukian argues that there was no evidence that would tend to prove that he had ever fired a firearm through the silencer, and because, in effect, he had not tested the alleged silencer, he cannot be charged with the knowledge that it possessed the features that would bring it within the Act—

* The Honorable Shira A. Scheindlin, of the United States District Court for the Southern District of New York, sitting by designation.

namely, that it would reduce the volume of a firearm's report.

■ The facts of the instant case do not fall within the reasoning of *Staples*. In *Staples*, the issue was whether knowledge of a firearm's automatic characteristics (which bring it within the scope of 26 U.S.C. § 5861) could be imputed to the defendant where the government establishes only that the defendant knowingly possessed a semi-automatic weapon. *See Staples*, 511 U.S. at 603–04, 114 S.Ct. 1793. By contrast, the issue raised by Kavoukian's appeal is whether a defendant can be said to "know" that an illegal device that is defined by its functionality actually possesses that functionality if he does not test it first. The jury here was properly instructed. The jury was told that, in order to convict, it must find beyond a reasonable doubt that the device possessed the characteristics that make it a silencer, and that Kavoukian knew that the device had those characteristics. Kavoukian cites no authority for the proposition that, to sustain a conviction, the government must prove that a defendant knows through experience that the illegal device he possesses actually works. As the Supreme Court noted in *Staples*, "knowledge can be inferred from circumstantial evidence, including any external indications signaling the nature of the [relevant item]." 511 U.S. at 615 n. 11, 114 S.Ct. 1793; *see also United States v. Hall*, 171 F.3d 1133, 1152 (8th Cir.1999) (citing *Staples* and affirming conviction for possession of a silencer where there was no direct evidence that the defendant knew the silencer worked). We believe Kavoukian's argument is without merit, and we hold that a defendant can be convicted of making or possessing a firearm silencer without proof that he knew from experience that the silencer functions.

■ Kavoukian's second argument is that there was insufficient evidence to es-

tablish the knowledge element of the offense. Kavoukian bears the burden of demonstrating the inadequacy of the evidence, and we construe all evidence in the light most favorable to the government. *United States v. Desena*, 260 F.3d 150, 154 (2d Cir.2001); *United States v. Marji*, 158 F.3d 60, 63 (2d Cir.1998) (per curiam). We examine the sufficiency of the totality of the government's evidence, *United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir.1999), and we will uphold the conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," *United States v. Bicaksiz*, 194 F.3d 390, 398 (2d Cir.1999) (emphasis in original, internal quotation marks omitted). Applying this standard, and reviewing the record as a whole, we conclude that there was sufficient evidence to support Kavoukian's conviction.

Accordingly, for the foregoing reasons, the judgment of the District Court is AFFIRMED.