17-3178-cr (L)
*United States v. Insaidoo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand nineteen.

PRESENT:     BARRINGTON D. PARKER,
             DENNY CHIN,
             RICHARD J. SULLIVAN,
                     *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                     *Appellee,*

             v.                                    17-3178-cr (L);
                                                   17-3230-cr (Con)

KWAME A. INSAIDOO, ROXANNA INSAIDOO,
                     *Defendants-Appellants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                ELI J. MARK, Assistant United States Attorney
                             (David Zhou, Daniel B. Tehrani, Assistant
                             United States Attorneys, *on the brief*), *for*
                             Geoffrey S. Berman, United States Attorney for
                             the Southern District of New York, New York,
                             New York.

FOR DEFENDANT-APPELLANT      MICHELLE ANDERSON BARTH, The Law
KWAME A. INSAIDOO:               Office of Michelle Anderson Barth, Burlington,
Vermont.

FOR DEFENDANT-APPELLANT      BEVERLY H. VAN NESS, Law Firm of Beverly
ROXANNA INSAIDOO:              Van Ness, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED** in part and **VACATED** in part and the case is **REMANDED**.

Defendants-appellants Kwame A. Insaidoo ("Kwame") and Roxanna Insaidoo ("Roxanna") appeal from judgments entered October 4, 2017, convicting them, following a six-day jury trial, of conspiracy, embezzlement, wire fraud, and money laundering, in connection with a government-funded not-for-profit organization, United Block Association, Inc. ("UBA"), and a government-sponsored mortgage program.

Kwame was sentenced principally to forty-eight months' imprisonment and three years' supervised release. Roxanna was sentenced principally to thirty months' imprisonment and three years' supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

On appeal, the Insaidoos present the following challenges to their convictions: (1) the adequacy of the jury instructions concerning the definition of "benefits" and "in any one year period" for embezzlement under 18 U.S.C. § 666; (2) the sufficiency of the evidence as to whether funds disbursed to UBA under the Older Americans Act ("OAA"), 42 U.S.C § 3001 *et seq.*, constitute "benefits";  and, (3) if the Court vacates their convictions for embezzlement, the Insaidoos' entitlement to retroactive misjoinder on the remaining counts due to spillover prejudice.  Separately, Roxanna challenges the sufficiency of the evidence as to her participation in the embezzlement scheme, and Kwame challenges one of his standard conditions of supervised release.

## I.  Adequacy of the Jury Instructions

The Insaidoos challenge the adequacy of the district court's jury instructions concerning the terms "benefits" and "in any one year period" in Section 666. They did not raise this objection below, and the parties agree that an unpreserved challenge to the specific language of a jury instruction must be reviewed for plain error. *See United States v. Skelly*, 442 F.3d 94, 99 (2d Cir. 2006) ("[W]e may not reverse for failure to give a more adequate instruction . . . unless the failure constitutes 'plain error.'") (citing Fed. R. Crim. P. 52(b)).  An error is plain when the district court is "obviously wrong in light of existing law."  *United States v. Ghailani*, 733 F.3d 29, 52 (2d

Cir. 2013) (quoting *United States v. Tarbell*, 728 F.3d 122, 126 (2d Cir. 2013)). Here, we find no such error.

In relevant part, Section 666 provides that whoever, "being an agent of an organization," embezzles property valued at $5,000 or more is guilty of a crime if the organization "receives, in any one year period, benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of Federal assistance." 18 U.S.C. § 666(a)-(b).

The Insaidoos contend that the district court should have instructed the jury that the government had to prove UBA received benefits tied to an identifiable federal program whose "structure, operation, and purpose" qualify the funds as federal benefits, citing *Fischer v. United States*, 529 U.S. 667, 677, 681 (2000) (holding that "[t]o determine whether an organization participating in a federal assistance program receives 'benefits,' an examination must be undertaken of the program's structure, operation, and purpose"). The district court instructed the jury that, to convict, it had to find that UBA received "more than $10,000 that originated as federal money under a federal program." Tr. 1035. The Insaidoos argue, in essence, that the jury should have been required to find that the funds were "benefits" specifically within the meaning of Section 666.

That argument, however, is unpersuasive. This Court has treated the question of what constitutes a benefit as a legal question for the court. *See United States v. Bahel*, 662 F.3d 610, 626-29 (2d Cir. 2011) (examining as a legal matter whether the United Nations Participation Act, 22 U.S.C. § 287e, established a benefit program for the purpose of § 666(b)); *see also United States v. Peery*, 977 F.2d 1230, 1233 n.2 (8th Cir. 1992) ("[D]etermining whether [S]ection 666 applies to [the defendant's] conduct is a question of law."). *But see United States v. McLean*, 802 F.3d 1228, 1247 (11th Cir. 2015) ("[B]ased on our circuit precedent, if we were to address this issue, we would determine that the decision to classify assistance as a federal benefit was properly submitted to the jury."). Like our evaluation of the statutory scheme underlying the United Nations Participation Act relative to Section 666 in *Bahel*, determining whether the OAA provides a federal benefit is a matter of statutory interpretation. The district court did not err in not assigning this task to the jury. *See Jaen v. Sessions*, 899 F.3d 182, 185 (2d Cir. 2018) ("[S]tatutory interpretation . . . presents a question of law.").

In addition, the Insaidoos' claim that the district court should have further instructed the jury on the phrase "in any one year period," to explicitly indicate that it had to refer to a continuous twelve-month period, is meritless. No plausible understanding of "in any one year period" would suggest that a jury would "cobble[] together twelve months that were not continuous" between 2007 to 2017, the duration of the Insaidoos' embezzlement scheme. Def. Appellant Kwame A. Insaidoo Br. at 27.

Consequently, the district court did not commit plain error in its instructions to the jury concerning either the benefit requirement or the phrase "in any one year period" under Section 666.

## II. Sufficiency of the Evidence

The Insaidoos jointly challenge the sufficiency of the evidence as to whether the government proved that UBA received a federal benefit from an identifiable federal program to meet Section 666's jurisdictional requirement. Roxanna independently contests the government's proof of her involvement in the embezzlement scheme. This Court reviews a challenge to the sufficiency of evidence *de novo*, *United States v. Bruno*, 661 F.3d 733, 743 (2d Cir. 2011), examining "the totality of the government's evidence, . . . and . . . uphold[ing] the conviction if 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,'" *United States v. Kavoukian*, 354 F.3d 117, 120 (2d Cir. 2003) (per curiam) (citations omitted). We conclude that the government adduced sufficient evidence of UBA's receipt of a benefit from a federal program and Roxanna's participation in the embezzlement scheme.

### a. Federal Benefit to UBA

The jurisdictional element of Section 666 requires the government prove that the organization of which the defendant is an agent "receives . . . benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, loan,

guarantee, insurance, or other form of Federal assistance." 18 U.S.C. § 666(b); *accord*

*United States v. Naiman*, 211 F.3d 40, 47 (2d Cir. 2000). Because the determination of

whether the OAA's "structure, operation, and purpose" establishes a federal program

that provides benefits was not a question for the jury, *see supra*, to satisfy Section 666's

jurisdictional requirement, the government only had to prove that UBA received more

than $10,000 in federal funds in a one-year period between 2007 and 2017. *See Naiman*,

211 F.3d at 47. Here, the government provided testimonial and documentary evidence

that UBA received federal funds well in excess of $10,000 in at least three fiscal years:

$454,529 in 2013; $556,015 in 2014; and $548,960 in 2015. Accordingly, the government

supplied sufficient evidence to prove Section 666's jurisdictional element.

### b. Roxanna's Involvement in the Embezzlement Scheme

Contrary to Roxanna's argument, the government presented sufficient

evidence that she was involved in the embezzlement scheme. In addition to testimony

indicating that Roxanna was generously compensated relative to her minimal work for

UBA, there was evidence that she failed to report money she received from UBA on her

tax returns; transferred UBA funds to a shell company she owned; falsified invoices

from her shell company about services rendered to UBA; and used the funds she

received from UBA for personal expenses. Based in part on this evidence, a rational

trier of fact could find that Roxanna was an active participant in her husband's ongoing

embezzlement scheme.

Given that the jury instructions were not erroneous and the government provided sufficient evidence to satisfy its burden of proof with respect to each defendant on the Section 666 count, we need not reach the issue of whether the Insaidoos are entitled to retroactive misjoinder as a result of spillover prejudice from the evidence regarding embezzlement.

## III. Supervised Release

Kwame Insaidoo also challenges the imposition of condition twelve of his standard conditions of supervised release, which provides that, in the event Kwame's probation officer determines that he poses a risk to any person, the officer may require Kwame to notify that person of such risk (the "risk" condition). We recently vacated an identical "risk" condition on the ground that it was "vague and afford[ed] too much discretion to the probation officer." *United States v. Boles*, 914 F.3d 95, 111-12 (2d Cir. 2019) (citing *United States v. Peterson*, 248 F.3d 79 (2d Cir. 2001) (per curiam)). Furthermore, the government has "consent[ed] to a limited remand for the purposes of permitting the [d]istrict [c]ourt to impose any condition or combination of conditions that comply with . . . [the] non-delegation requirement" set forth in *Peterson*, 248 F.3d at 85-86. Appellee Br. at 42-43. Accordingly, we vacate the "risk" condition imposed by the district court and remand for the court to make further findings and impose any condition or conditions pursuant to *Boles* and *Peterson*.

We have considered the Insaidoos' remaining arguments and find them to be without merit. Accordingly, the judgments of the district court are **AFFIRMED** in all respects except that we **VACATE** the "risk" condition of supervised release as to Kwame and **REMAND** to the district court for compliance with *Peterson* and *Boles*.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk